**NUECES COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT NO. 3, Appellant,**

v.

**TEXAS WATER RIGHTS COMMISSION et al., Appellees.**

**No. 11907.**

Court of Civil Appeals of Texas, Austin.

May 17, 1972.

Rehearing Denied June 21, 1972.

See also Tex.Civ.App., 481 S.W.2d 930.

Roger C. Butler, Robstown; Vinson, Elkins, Searls & Smith, Victor W. Bouldin, Clifford W. Youngblood, Houston, for appellant.

James R. Riggs, City Atty., Corpus Christi, I. M. Singer, Wood, Burney, Nesbitt & Ryan, Allen Wood, Corpus Christi, Baker & Botts, Edward S. Howell, Houston, Timothy L. Brown, Austin, for Texas Water Rights Commission.

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Roger Tyler and Vince Taylor, Asst. Attys. Gen., Austin, for other appellees.

SHANNON, Justice.

This appeal involves the construction of Art. 7519a(2) and Art. 7477, Section 8(b) and (c).[1] The principal question concerns the power of The Texas Water Rights Commission,[2] under these statutes, to do other than to cancel a certified filing for nonuse or non-beneficial use. The District Court of Travis County construed the statutes as authorizing the Commission "to exercise its sound discretion" to adjudicate ("to evaluate and clarify") ". . . previously undefined certified filings and other rights in terms of their priority, use, quantities and limitation . . . ."

Appellant, Nueces County Water Control and Improvement District No. 3, appeals from the judgment of the District Court sustaining the order of the Commission. The order of the Commission to all appearances canceled in part the City's Certified Filing No. 64. The appellees are the Commission and the City of Corpus Christi.[3] We will reverse the judgment of the trial court, and render judgment that the order of the Commission, insofar as it relates to Certified Filing No. 64, be set aside.

---

1. Statutory references are to Vernon's Texas Civil Statutes. The Texas Water Code, which recodifies the Texas water statutes, did not become effective until September 1, 1971, after this suit was filed and tried, and is not referred to in this opinion. The Water Rights Adjudication Act, Art. 7542a, was not in effect when the hearings were held before The Texas Water Rights Commission, and is not involved in this appeal.

2. Usually called the "Commission" in this opinion.

3. Usually called the "City" in this opinion.

The general subject of this controversy is the distribution of water in a dry and thirsty land. Appellant is a conservation and reclamation district which owns and operates a water supply and irrigation system which constitutes the water supply for the City of Robstown in Nueces County and also for the irrigation of surrounding land. Appellant has the right to take water from the Nueces River under Certified Filing No. 70 and Permit No. 529. Appellant's diversion facilities are located in a natural pool in the Nueces River in Neuces County in which are located also the City's diversion facilities by which the City obtains water pursuant to Certified Filing No. 64 and Permit No. 51. The City's primary water supply at Lake Corpus Christi is not involved in this appeal.

In 1964 the City filed a petition for a declaratory judgment in the District Court of Nueces County seeking to determine its and appellant's rights in the Nueces River. As a part of that suit the City also sought a recovery of $218,143.51 from appellant for allegedly illegal and improper appropriations of water in the past and also an amount in excess of $22,000.00 per year for those years after 1965. The Nueces County suit had not been tried by December 1, 1965, when the Commission commenced its proceedings against the City and appellant, ostensibly to cancel any unused portion of the City's claimed rights under Certified Filing No. 64 and Permit No. 51 and appellant's claimed rights under Certified Filing No. 70 and Permit No. 529. In this opinion we are concerned only with that part of the proceeding pertaining to Certified Filing No. 64, since no complaint was

made respecting Permit No. 51, and that part of the controversy involving Certified Filing No. 70 and Permit No. 529 is disposed of in an opinion decided by this Court today, No. 11,906, Nueces County Water Control and Improvement District No. 3 v. Texas Water Rights Commission et al.

With respect to its proceedings the Commission notified the City and appellant and all other water rights claimants on the Nueces as required by Art. 7519a. Those notices directed the City and appellant to show cause why any unused part of their respective rights should not be forfeited and canceled.[4] The proceedings were heard in November of 1966 and the Commission entered its orders in February of 1968.

The Commission's reason, it claims, for filing the cancellation proceeding against the City was that it could not determine from the City's reports whether or not the City was using all or any part of the water allowed under Certified Filing No. 64. Before the hearing, the City filed pleadings with the Commission to the effect that the water authorized to be appropriated by Certified Filing No. 64 had been used for municipal purposes for the ten years past which under Sec. 2 of Art. 7519a prevented the cancellation of the Certified Filing. At the hearing all of the evidence was that for more than ten years before 1966 the City had used all of its water rights under Certified Filing No. 64 and had reported that fact to the Commission.

After ascertaining that the City used all of the water authorized by Certified Filing No. 64 for the preceding ten years and that it had been so notified all the while, the

4. Section 2 of Art. 7519a authorizes the Commission, after notice and hearing and upon making certain findings, to forfeit and cancel such part of a Certified Filing or Permit that has not been put to beneficial use during the ten-year period next preceding the forfeiture proceeding. An important exception to this grant of authority, however, is stated in the second paragraph of Section 2:

"Provided, however, that the Board shall send notice of such pending cancellation by registered mail, return receipt requested, to the holder of any such permit or certified filing, at the last address shown by the records of the Board of Water Engineers at least ninety (90) days prior to the effective date of such cancellation. The failure of the Board of Water Engineers to cancel a permit or certified filing hereunder shall not be construed as validating any such permit or certified filing not cancelled. Added Acts 1953, 53rd Leg., p. 867, ch. 352, § 1."

Commission did not dismiss its cancellation proceeding, but rather entered the following order:

"After considering the evidence and written briefs of the respective parties, the Commission finds that Certified Filing No. 64 and Permit No. 51 of the City of Corpus Christi, Texas, should be forfeited, revoked and cancelled, in part, and that the remaining water rights existing by virtue of Certified Filing No. 64 and Permit No. 51 which are not forfeited, revoked and cancelled should be specifically defined.

NOW, THEREFORE, BE IT ORDERED BY THE TEXAS WATER RIGHTS COMMISSION that Certified Filing No. 64 and Permit No. 51 be and the same are hereby in all things forfeited, revoked and cancelled; SAVE AND EXCEPT the following:

1. CERTIFIED FILING NO. 64

 (a) Impoundment: The City of Corpus Christi, Texas, is authorized to maintain a dam and reservoir at Calallen, Texas, constructed and maintained in accordance with House Bill 740, Acts 24th Legislature, 1895, Ch. 4, p. 922 (10 Gammel's Laws of Texas 922) and Certified Filing No. 64, with impounding capacity of 928 acre-feet of water.

 (b) Use: The City of Corpus Christi, Texas, is authorized to divert and use not to exceed 3,186 acre-feet of water per annum from Calallen Reservoir and the Nueces River for municipal and industrial purposes.

 (c) Rate of Diversion: 4.4 cfs (1971 gpm).

 (d) Date of Priority: 1895."

Appellant complains that the Commission's order did not *forfeit* or *cancel* any part of Certified Filing 64, but rather it attempted to convert the purported forfeiture and cancellation proceeding into an adjudication proceeding as to Certified Filing No. 64 and attempted to enlarge and up-grade Certified Filing No. 64 by (a) back-dating the priority of Certified Filing No. 64 from 1913 to 1895 and ahead of appellant's Certified Filing No. 70 which has a 1909 priority; (b) increasing the maximum rate of diversion from 0.93 cubic feet per second of time to 4.4 cubic feet per second of time and the annual volume of use from 678 acre-feet to 3,186 acre-feet; and (c) granting to the City the benefit of all natural storage below sea level in the natural enlargement and deepening of the river at the respective pumping plants of the City and appellant.

That the City considered its interests well served by the Commission's order is evidenced by the fact that it did not appeal the order to the District Court.

In its judgment the trial court incorporated findings of fact and conclusions of law and therein concluded that Art. 7519a (2) should be construed "in light of" Article XVI, Section 59(a) of the Texas Constitution, Vernon's Ann.St. and Article 7477, Sections 8(b) and (c), so as to authorize the Commission "to exercise its sound discretion *to evaluate* and *clarify* a previously undefined certified filings and other rights in terms of their priority, use, quantities and limitations in order to regulate the public water of the State, to promote the public welfare, and cancel other water rights, this being particularly necessary when considering the cancellation of other rights diverting from the same or proximate locations." (Emphasis added.)

Appellant argues that the Commission lacked the power under the statutes to enter this order, since all the evidence established that all of the water had been used by the City during the test period, and that the only order which the Commission had the power to enter was one of dismissal since, as a matter of law, there was nothing to forfeit.

Art. 7519a(2) authorizes the Commission, upon certain conditions, to forfeit and cancel Certified Filings and Permits where some part of the water authorized to be appropriated thereunder has not been put to beneficial use during the preceding ten year period. The pertinent portion reads as follows:

"2. When the Board of Water Engineers or its successor has determined from its records that all of the public waters authorized to be appropriated under a certified filing, or under a permit issued ten (10) years or more prior to the effective date of this Act, or prior to the date of cancellation proceedings herein authorized, has not been put to a beneficial use at any time during a period of ten (10) consecutive years next preceding the effective date of this Act, or the date of the cancellation proceedings herein authorized, it may cause a public hearing to be held on the matter of cancelling that portion of such permit or certified filing which has not been beneficially used at any time during such ten (10) consecutive years, and if it should appear to the Board that the holder of the permit or certified filing has not been diligent in applying all or any part of such unused water to beneficial use under the terms of the permit or certified filing and has not been justified in such nonuse or does not have a bona fide intention of putting such unused waters to beneficial use under the terms of the permit or certified filing within a reasonable period of time after the date of such hearing, then such permit or certified filing shall be subject to forfeiture and cancellation by the Board as to such portion of such waters as to which such facts are so found. The absence from the records of the Board of proof of use of such water during said ten-year period shall be sufficient for initiating such cancellation proceedings."

After providing for notice as mentioned above, this statute continues as follows:

"If the Board should find as a result of such hearing that any portion of the water authorized to be diverted and used under such permit or certified filing has not been put to an authorized beneficial use during said ten-year period, and that reasonable diligence has not been used by the holder or holders in applying such unused portion of said water to beneficial use under the terms of the permit or certified filing, and that such holder has not been justified in such nonuse or does not have a then bona fide intention of putting such unused water to beneficial use under the terms of the permit or filing within a reasonable time after such hearing, the Board shall enter its order cancelling such permit or certified filing as to the portion of the water as to which such findings are made, and said portion of said water shall again be subject to appropriation.

Where the holder of a certified filing or permit has facilities for the storage of water in a reservoir, the Board shall allow such holder to retain a water appropriation to the extent of the conservation storage capacity of such reservoir owned by such holder of the certified filing or permit. Notwithstanding other provisions of this Article to the contrary, no portion of a certified filing held by a city, municipal water district, town or village authorizing the use of water for municipal purposes shall be cancelled when water has been put to use under such certified filing for municipal purposes at any time during the ten-year period prior to the cancellation proceedings herein authorized."

The Commission argues that the Conservation Amendment, Article XVI, Section 59(a), Texas Constitution "taken together with" the interpretation of Article 7519a in Texas Water Rights Comm. v. L. A. Wright, 464 S.W.2d 642 (Tex.1971) compel a construction that it had the power to enter its order. *Wright, supra,* held that Art. 7519a was constitutional. The lan-

guage in Wright, relied on by the Commission follows:

"By way of summary, the vested rights which the permittees held by force of the two water permits, were rights limited to the beneficial use of water . . *At all relevant times, the State had rights as the owner of the water. It also had a constitutional duty to preserve and conserve its water.*

" . . .

". . . We conclude that the permittees could reasonably expect that their rights would be subjected to a remedy enforcing the conditions inherently attached to those rights and enabling the state to assert and protect its own rights and interests in the water . . ."
(Emphasis added by the Commission.)

We, of course, agree with the holding and the quoted language from *Wright, supra,* but fail to see that either bears on the resolution of the problem in this case.

 As in the case of other administrative agencies, the Commission has only those powers granted by statute together with those necessarily implied from the authority conferred or duties imposed. See Stauffer v. City of San Antonio, 162 Tex. 13, 344 S.W.2d 158 (1961). The application of this precept by this Court to the Commission's predecessor, The State Board of Water Engineers, is found in Fairbanks v. Hidalgo County Water Improvement District No. 2, 261 S.W. 542 (Tex.Civ.App. 1924, writ dism'd). In that case Justice Blair said, "The board's duties and powers are strictly confined and limited by statutes. If the statutes do not grant the board the power to do a thing, then it has no such power. The fact that it has general supervision over the subject does not give it jurisdiction over any and all controversies that may arise out of the operation of the law."

 An examination of this statute indicates that the power granted to the Commission is limited to the *forfeiture* and *cancellation* of *unused* water rights. It does not deal with the subject of adjudication of the portion of a water right which has been used and is not subject to forfeiture.

The other statute relied on by the Commission is Art. 7477, Section 8 which provides as follows:

"Sec. 8. (a) The Commission shall have the duty of receiving, administering, and acting upon all applications for permits, or amendments thereto made by any person, political subdivision or by the Board to appropriate public waters for beneficial use or storage or to construct works for the impoundment, storage, diversion or transportation of public waters. The Commission may issue permits for storage solely for the purpose of optimum development of projects, and such permits for storage may be converted into permits for beneficial use by further application therefor to the Commission.

(b) The Commission shall have the duty of administering proceedings for the cancellation and forfeiture, in whole or in part, of permits and certified filings for the appropriation of public waters as provided in Articles 7474, 7519, 7544 of the Revised Civil Statutes of Texas, and Acts 1957, 55th Legislature, Chapter 39 (compiled as Articles 7519a and 7519b, Revised Civil Statutes).

(c) It is the intent and desire of the Legislature that the Commission shall undertake an orderly, active and continuing evaluation of outstanding permits and certified filings and initiate and carry forward measures to cancel in whole or in part those certified filings and permits that are subject to cancellation in whole or in part."

Appellees claim that the Commission is empowered to adjudicate water rights by Sec. 8(c) which admonishes the Commission to undertake "an orderly, active and continuing evaluation of outstanding permits and certified filings and initiate and

**930**

carry forward measures to cancel in whole or in part those certified filings and permits that are subject to cancellation in whole or in part." Appellees construe "orderly, active and continuing evaluation" as tantamount to adjudication. We do not agree.

 In the beginning, the two terms are not synonymous. To evaluate is not to adjudicate. To evaluate is to ascertain the value or amount of or to appraise carefully, while to adjudicate means "To hear or try, and determine judicially; to settle by judicial decree; to adjudge; to act as 'judge.'" Webster's International Dictionary (2nd Ed.). By the terms of Sec. 8(c) the Commission is charged to continually assess outstanding permits and certified filings and, based upon the results of that appraisal, proceed to cancel in whole or part those certified filings and permits which are *subject to cancellation*. The legislative admonition to evaluate in no way adds *more authority than that of cancellation*.

The Water Rights Adjudication Act (Art. 7542a) was enacted in 1967 at the next session of the Legislature after Art. 7477 was rewritten. This Act is rather comprehensive and provides for the initiation by the Commission of proceedings to adjudicate all water rights on a stream or segment of a stream, with a preliminary determination of such rights by the Commission, after a series of notices and public hearings. The Commission must then file its findings in a District Court and upon trial all contested issues are tried *de novo* and the rights of the parties are finally determined by judicial decree. The passage of this Act is a convincing indication that the Legislature did not view that all of these adjudicatory powers had been already vested in the Commission by Art. 7477, Section 8(c) which speaks of "evaluation."

We hold that neither Section 2 of Art. 7519a nor Section 8(b) and (c) of Art. 7477 empowers the Commission to adjudi-

cate the terms, elements and measures of Certified Filing No. 64.

The judgment of the trial court is reversed and judgment is here rendered that the order of the Commission, insofar as it relates to Certified Filing No. 64, be set aside.

Reversed and rendered.