

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

December 13, 1974

The Honorable Clayton T. Garrison
Executive Director
Texas Parks and Wildlife Department
Austin, Texas 78701

Opinion No. H- 472

Re: Authority of Parks and
Wildlife Department to grant
easements over park pro-
perty.

Dear Mr. Garrison:

Your letter requesting our opinion states:

> At the present time, the Department has several
> pending requests for easements to cross property
> under the jurisdiction of this Department. One of
> these requests involves a waterline while another
> request involves a road right-of-way easement. In
> each case, the request for the easement has been
> submitted by a private individual and the easement,
> if granted by the Commission, would be for the sole
> benefit of the individual involved. In other words,
> no benefit would result to the state by the granting
> of either of these easements with the exception of
> any monetary consideration received for the ease-
> ment itself. Assuming that the individual request-
> ing the easement has no pre-existing legal title or
> prescriptive right and cannot establish a way of
> necessity, please answer the following question:

> Does the Parks and Wildlife Department have
> authority to grant an easement to a private individual
> over and across property under the jurisdiction of the
> Department when the easement, if granted, would
> accure to the sole benefit of the individual requesting
> the easement?

By a supplemental request you have also asked:

> Does the Parks and Wildlife Commission have
> authority to issue easements directly or without
> approval of the State Board for Lease established
> by Article 5382d, Vernon's Texas Civil Statutes?

The Parks and Wildlife Department, under the policy direction of the Parks and Wildlife Commission (Article 978f-3a, Vernon's Texas Penal Auxiliary Laws), like every other state department, agency, or subdivision derives its power from the constitution and laws of the State of Texas.   Canales v. Laughlin, 214 S. W. 2d 451, 453 (Tex. Sup. 1948); Anderson v. Wood, 152 S. W. 2d 1084 (Tex. Sup. 1941); Attorney General Opinions H-445 (1974); H-392 (1974); H-374 (1974); H-51 (1973); and H-45 (1973).

> As in the case of other administrative agencies
> the Commission has only those powers granted by
> statute together with those necessarily implied
> from the authority conferred or duties imposed . . .

Nueces County Water Control and Improvement District v. Texas Water Rights Commission,  481 S. W. 2d 924 at 929 (Tex. Civ. App. --Austin 1972, writ ref'd n. r. e.).

This rule is particularly applicable to attempts to dispose of state-owned real property: Caples v. Cole, 102 S. W. 2d 173 (Tex. Sup. 1937); Fort Worth Cavalry Club v. Sheppard, 83 S. W. 2d 660 (Tex. Sup. 1935); Conley v. Daughters of the Republic, 156 S. W. 197 (Tex. Sup. 1913).

The granting of an easement in land is the granting of an interest in land and requires the same authorization. Settegast v. Foley Bros. Dry Goods Co., 270 S. W. 1014 (Tex. Sup. 1925); Burgess v. City and County of Dallas Levee Improvement District, 155 S. W. 2d 402 (Tex. Civ. App. --Eastland 1941, writ ref'd w. o. m.).

When we examine the Constitution and laws of the State for authority in the Parks & Wildlife Department to grant easements across property within its jurisdiction to private individuals for private purposes we find that contained in section 13a of article 5382d, V. T. C. S.   The statute, generally, created Boards for lease of lands owned by any departments, agency or board of the state.   It is apparent that the original statute was designed to govern the granting of oil and gas leases on public lands.   For example, section 7 provides that the lease shall be for a primary term not to exceed five years "and as long thereafter as oil, gas or other minerals covered by such lease is produced . . . ."

However, in 1955 the Legislature added section 13a for the avowed purpose of allaying confusion existing as to the authority to grant easements on state lands (Acts 1955, 54th Leg., ch. 239, p. 670):

> The appropriate board for lease is authorized to grant easements on the land covered by this Act for irrigation canals, laterals, flumes and ditches, telephone, telegraph and electric power lines, and pipelines for the gathering or transportation of oil, gas, water and other fluids or substances, together with such devices, equipment and appurtenances as may be necessary. Such easements may be granted on such terms and conditions as the board for lease may deem to the best interest of the State of Texas. Provided, that the provisions of this Section 13a shall not apply to lands owned by the State of Texas as a part of the penitentiary system nor shall this Act be construed as repealing House Bill No. 330, Acts of the 48th Legislature of the State of Texas, Regular Session, 1943, Chapter 177, page 281, being Article 6203d, Vernon's Texas Civil Statutes, or any amendments thereto.

In our opinion, therefore, the Department does have the authority to grant an easement for a waterline provided it acquires the approval of the Board of Leases created by article 5382d, V. T. C. S.   However, we are unable to find any authority in this statute for the granting of an

easement to a private person to construct a roadway unless it is an appurtenance necessary to the types of projects listed in section 13a. If an easement can be granted under article 5382d, adequate consideration must be present either in money or other benefit to the State. Otherwise it may be construed as a grant to a private individual in violation of sections 50, 51 or 52 of article 3 of the Texas Constitution.

We do note that under strict statutory guidelines your Department does have the authority to exchange real property or interests in real property for other land or interest therein. Vernon's Texas Penal Auxiliary Laws, art. 978f-4a.

## SUMMARY

The Parks and Wildlife Department may grant an easement for a waterline to a private person for adequate consideration under the terms of article 5382d, V. T. C. S. That statute normally does not authorize an easement to be granted for a road.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg