

# The Attorney General of Texas

July 5, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Evans N. Wentz
Executive Director
State Commission for the Blind
P. O. Box 12866
Austin, Texas   78711

Opinion No. MW-482

Re:   Authority of Commission for the Blind to guarantee loan repayments

Dear Mr. Wentz:

The Sixty-seventh Legislature enacted section 91.0301 of the Human Resources Code, which provides as follows:

> (a) The [C]ommission [for the Blind] may establish a program to make loans to finance the purchase of technological aids for visually handicapped persons. Interest on the loans may not exceed 10 percent a year.

> (b) The director may promulgate rules to administer the loan program.

Acts 1981, 67th Leg., ch. 126, at 317.

You state as follows:

> It has been suggested that the commission would be more prudent and achieve better results by arranging the specific loans through existing bank channels and acting as guarantor for the loans, it being understood that the exposure of the commission would be limited to the specific portion of its endowment funds restricted to such use.

> This suggestion has merit in that it does not involve the commission in the direct management of a loan fund, and it works to establish the credit record or history of the borrowers in the commercial market.

You ask:

> Does the commission need specific legislative authority to enter into a program calling for it to guarantee loan repayments, using a portion of its endowments as collateral?

Administrative agencies have only those powers expressly granted by statute or necessarily implied therein. Stauffer v. City of San Antonio, 344 S.W.2d 158 (Tex. 1961); State v. Jackson, 376 S.W.2d 341 (Tex. 1964). If applicable statutes do not grant an agency the power to do a particular thing, then the agency has no such power. Nueces County Water Control and Improvement District No. 3 v. Texas Water Rights Commission, 481 S.W.2d 924 (Tex. Civ. App. - Austin 1972, writ ref'd n.r.e.); Martinez v. Texas Employment Commission, 570 S.W.2d 28 (Tex. Civ. App. - Corpus Christi 1978, no writ).

Section 91.0301 clearly does not expressly authorize the loan program you describe. The remaining question is whether it impliedly authorizes such a program. We answer in the negative. In our opinion, the power to establish a loan program through bank channels, with the commission acting as guarantor on the loans and using a portion of its endowments as collateral, simply cannot be said to be reasonably implied in a statute which merely authorizes the commission to establish and operate a loan program itself. If nothing else, the fact that the loan program would be administered by banks, rather than by the commission, is, in our opinion, sufficient to enable us to conclude that the proposed program is too different from the program contemplated by section 91.0301 to be permissible under that section.

The proposed loan program may be one which the legislature would authorize if it considered the matter. We must take statutes as we find them, however, and we cannot read into them more than their words will clearly sanction and fairly sustain. Texas Highway Commission v. El Paso Building and Construction Trades Council, 234 S.W.2d 857 (Tex. 1950); Railroad Commission of Texas v. Miller, 434 S.W.2d 670 (Tex. 1968). We therefore conclude that express or implied authority for the loan program you describe is necessary (assuming, of course, that such authority is provided in accordance with the requirements of the Texas Constitution), and that section 91.0301 of the Human Resources Code does not furnish such authority. You do not ask and we do not address any question relating to the constitutionality of section 91.0301.

S U M M A R Y

Section 91.0301 of the Human Resources Code
does not authorize the Commission for the Blind to

establish, through existing bank channels, a program to make loans to finance the purchase of technological aids to visually handicapped persons, with the commission acting as guarantor on the loans and using a portion of its endowments as collateral.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Patricia Hinojosa
Jim Moellinger
Bruce Youngblood