

# THE ATTORNEY GENERAL
## OF TEXAS

November 18, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Mr. Curtis Tunnell
Executive Director
Texas Historical Commission
P. O. Box 12276
Austin, Texas   78711

Opinion No. JM-822

Re: Whether the 180-day wait-ing period set forth in section 442.008, Government Code, may be waived (RQ-1282)

Dear Mr. Tunnell:

Section 442.008 of the Government Code sets forth the provisions governing the preservation of historic courthouses. You ask whether the 180-day waiting period prescribed in section 442.008 of the code, during which a courthouse designated by the Texas Historical Commission may not be sold or damaged, may be waived by the commission. We conclude that it may not.

Chapter 442 of the recently-codified Government Code sets forth the duties and authority of the Texas Historical Commission [hereinafter the commission]. Acts 1987, 70th Leg., ch. 147, §1, p. 1010-19 (formerly cod-ified as V.T.C.S. article 6145). The purpose of the commission is to "provide leadership and coordinate services in the field of historic preservation." Gov't Code §442.003. Section 442.005 of the code sets forth the various powers and duties of the commission, which

> shall furnish leadership, coordination, and services to county historical commissions, historical societies, and the organizations, agencies, institutions, museums, and individuals of this state interested in the preservation of historical heritage and shall act as a clearinghouse and information center for that work in this state.

Gov't Code §442.005(a). The commission is required to "give direction and coordination to the state historical marker program," id. at §442.006(a), and to "install markers recognizing districts, sites, individuals, events, structures, and objects significant in Texas or American

p. 3910

history, architecture, archeology, or culture and shall keep a register of those markers," id. at §442.006(b). The commission, together with the state archeologist, must direct the state archeological program, id. at §442.007, encourage the preservation of historic courthouses, id. at §442.008, and prepare information of consumer interest and accept and act upon consumer complaints, id. at §442.009. Section 442.011 of the code provides: "A person who violates this chapter is subject to a civil penalty of not less than $50 nor more than $1,000 for each day of violation." And section 442.012 empowers the attorney general or any resident of this state to file suit in district court to restrain and enjoin a violation or threatened violation of the act.

Section 442.008 of the code sets forth the following:

Sec. 442.008. HISTORIC COURTHOUSES. (a) A county may not demolish, sell, lease, or damage the historical or architectural integrity of any building that serves or has served as a county courthouse without notifying the commission of the intended action at least six months before the date on which it acts.

(b) If the commission determines that a courthouse has historical significance worthy of preservation, the commission shall notify the commissioners court of the county of the fact not later than the 30th day after the date on which the commission received notice from the county. <u>A county may not demolish, sell, lease, or damage the historical or architectural integrity of a courthouse before the 180th day after the date on which it received notice from the commission. The commission shall cooperate with any interested person during the 180-day period to preserve the historical integrity of the courthouse</u>.

(c) A county may carry out ordinary maintenance of and repairs to a courthouse without notifying the commission. (V.A.C.S. Art. 6145, Sec. 14.) (Emphasis added.)

The commission was first created as a state agency in 1957. Acts 1957, 55th Leg., ch. 500, at 1460 (codified as

V.T.C.S. article 6145). The predecessor statute to section 442.008 of the code was added by amendment in 1971. Acts 1971, 62d Leg., ch. 496, §1, at 1718. The Bill Analysis accompanying the bill sets forth the following as "background information":

> Recently, several county courthouses of historic value have been destroyed. This has come to the attention of and caused concern in not only the Historical Survey Committee, but also the Speaker's Committee on Historical Preservation.

The Bill Analysis succinctly set forth the purpose of the bill: "To provide for the preservation of courthouses with historic value." Bill Analysis to H.B. No. 22, 62d Leg. (1971) (on file in Legislative Reference Library). The commission cannot ultimately prevent or proscribe the destruction of historic courthouses, but it is clear that the statute was designed to delay such destruction, giving the commission the time to work with interested local officials and private persons to promote the preservation of such structures.

Generally, the powers of an administrative agency are derived entirely from legislative enactment. State v. Robison, 30 S.W.2d 292 (Tex. 1930); Railroad Commission v. Fort Worth & D. C. Ry. Co., 161 S.W.2d 560 (Tex. Civ. App. - Austin 1942, writ ref'd w.o.m.). An agency has only those powers that are expressly granted to it by statute together with those necessarily implied from the authority conferred or duties imposed. State v. Jackson, 376 S.W.2d 341 (Tex. 1964); Stauffer v. City of San Antonio, 344 S.W.2d 158 (Tex. 1961). If the statutes do not grant an agency the power to do a thing, then it has no such power. Nueces County Water Conservation & Improvement District v. Texas Water Rights Commission, 481 S.W.2d 924 (Tex. Civ. App. - Austin 1972, writ ref'd n.r.e.). When the legislature acts with respect to a particular matter, the administrative agency may not so act with respect to the matter so as to nullify the legislative action even though the matter be within the agency's general regulatory field. Cobra Oil & Gas Corporation v. Sadler, 447 S.W.2d 887 (Tex. 1968); State v. Jackson, 376 S.W.2d 341 (Tex. 1964). It may not enlarge its powers by its own orders. Railroad Commission of Texas v. Fort Worth & D. C. Ry. Co., supra. We have found no authority, either constitutional or statutory, which expressly or impliedly authorizes the commission to waive the 180-day waiting

period set forth in section 443.008, Government Code. If the legislature had intended to authorize the commission to waive the 180-day waiting period set out in section 442.008, it could have done so. See, e.g., section 442.006 (authorizing the commission to waive the waiting period with respect to a structure designated "Texas Historical Landmark").

## S U M M A R Y

The Texas Historical Commission is not authorized to waive the 180-day waiting period set forth in section 442.008 of the Government Code, governing the preservation of historic courthouses.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General