paid the Division of Placement and Unemployment Insurance $5,965.29. This latter sum represented contributions accrued while the debtor was in possession. These payments were voluntarily made. An application was made to the Division of Placement and Unemployment Insurance pursuant to subdivision 3 of section 523 for refund of the sums paid. It was denied upon the grounds that the payments were rightfully made and that the sums represented contributions due the New York State Unemployment Insurance Fund by the employer and that they were not erroneously collected. The application of the appellant for refund can only be predicated upon subdivision 3 of section 523 of the Unemployment Insurance Law. This constitutes appellant's only and exclusive remedy. He has not brought himself within the provisions of the section and the decision of the Appeal Board should be affirmed. Decision of the Appeal Board unanimously affirmed, with costs to the Industrial Commissioner. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.

In the Matter of the Claim for Benefits under Article 18 of the Labor Law Made by EDWARD J. McCOY, Claimant, against REMINGTON RAND, INC., Appellant. FRIEDA S. MILLER, as Industrial Commissioner, Respondent.— Appeal from a decision by the Unemployment Insurance Appeal Board which held that claimant was entitled to be credited with so much of back pay, awarded to him by the National Labor Relations Board, which represents the amount of his earnings during the first and second quarter of 1938. The sole question involved is whether moneys paid, pursuant to an order of the National Labor Relations Board directing reinstatement of an employee with back pay, constitute remuneration and wages within the meaning of the Unemployment Insurance Law (Labor Law, §§ 500–539). It has been so held. (*Matter of Tonra*, 258 App. Div. 835; affd., 283 N. Y. 676.) We think the distinction sought to be made on the basis that in the *Tonra* case the moneys were paid pursuant to stipulation instead of by order, as in the present case, is without merit. Decision of the Unemployment Insurance Appeal Board unanimously affirmed, with costs to the Industrial Commissioner. Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ., concur.

## (May 8, 1941.)

In the Matter of the Application of Dr. HARRY CHERRY, Petitioner, for an Order of Certiorari, Pursuant to Article 78 of the Civil Practice Act, against THE BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.— Stay granted. Petitioner is to file and serve record and brief on or before August 16, 1941, and be ready for argument at the September Order and General Calendar Term of this court, commencing September 22, 1941; otherwise stay vacated. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

In the Matter of the Application of Dr. ROBERT RUBENSTEIN, Petitioner, for an Order of Certiorari, Pursuant to Article 78 of the Civil Practice Act, against THE BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.— Stay granted. Petitioner is to file and serve record and brief on or before August 16, 1941, and be ready for argument at the September Order and General Calendar Term of this court, commencing September 22, 1941; otherwise stay vacated. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.