In the Matter of the Claim of FRANCES T. SKUTNIK et al., Appellants.

EDWARD CORSI, as Industrial Commissioner, Respondent.

Third Department, November 15, 1944.

358

*Kalman Sklar,* attorney for appellants.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, First Assistant Attorney-General* and *Francis R. Curran, Assistant Attorney-General,* of counsel), for respondent.

BREWSTER, J. The claimants herein (seventy-five in number) have appealed from a decision of the Unemployment Insurance Appeal Board which affirmed a referee's decision sustaining respondent's determination as of December 1, 1942, to the effect that they were not entitled to, and which directed them to repay, certain unemployment insurance benefits theretofore granted to and received by them, in that, for the periods for which the benefits had been granted, they had not been totally unemployed within the terms and meaning of the statute, viz: subdivision 10 of section 502 of article 18 of the Labor Law as it existed prior to its repeal by Laws of 1944, chapter 705. All references herein to sections of said article 18 of the Labor Law refer to them as they existed prior to their repeal and re-enactment by the said Laws of 1944, unless otherwise noted.

Claimants, members of a labor union known as Bakery and Confectionery Workers, Local 431, affiliated with the American Federation of Labor, and in the employ of the United Biscuit Company at Buffalo, N. Y., went on a strike on September 26, 1940, and so continued until June 24, 1941, when they returned to work. After the waiting period prescribed by the statute (§ 504, subd. 2, par. [b], as added by L. 1935, ch. 468, § 1 and amd. by L. 1937, ch. 142, § 3) they filed for benefits which were

granted them by initial determinations by the Commissioner which were made more than one year prior to December 1, 1942. After the strike had been in progress a little over a month claimants' union made complaint against their employer to the National Labor Relations Board preferring charges of unfair labor practices, and in January, 1941, and after the payment of their unemployment benefits had begun, they sought additional relief in the said prosecution of their complaint by an award of " back pay " during the strike period. The charges thus preferred appear to have been sustained and the National Labor Board's order, which awarded the " back pay " they had sought, was affirmed with the modification that it start only from November 20, 1940. (*United Biscuit Co.* v. *National Labor Relations Board,* 128 F. 2d 771.) Claimants received the " back pay." so awarded. The total of the unemployment insurance benefits granted to claimants amounts to $13,953 and the total of their " back pay " awards amounts to $38,717.31, of which, it is conceded, each claimant received an amount equal to more than $3 per week when applied to the period during which he had received the unemployment insurance benefits.

Claimants contend that under the provisions of subdivisions 4 and 5 of section 510 of the statute, as added by the Laws of 1942, chapter 551, the initial determinations which granted benefits to them, could not be reviewed by the aforesaid determination of December 1, 1942, because the latter was not within one year from the issuance of the former, and that the benefits which had been so allowed and paid were beyond the reach of any subsequent determination made " because of new or corrected wage information." Whether the determination of December 1, 1942, was thus precluded or subject to such limitation is the question.

I agree with the contention of the respondent that his determination last referred to was not thus precluded and was not so limited. The provisions of the subdivisions of section 510 as added by the Laws of 1942, chapter 551, refer and apply only to determinations made under section 505 of the article, and which were occasioned by " new or corrected wage information " as regards the formulae there set forth for computing the amount of the benefits. As to such computations of claimants' benefits there never has been and is not now any dispute and the determination in question did not purport to review or affect them in that regard. Rather it pronounced the issuance of them invalid upon the ground that the awards of " back pay " destroyed the authority of their grant in that there was

no " total unemployment " within the meaning of subdivision 10 of section 502 which therein defined it as " * * * the total lack of any employment * * * together with the total lack of all compensation * * *." etc. Total unemployment as thus defined was a prerequisite to the validity of the awards of the benefits which were granted to claimants. It is of significance that the limitation and effect of subsequent reviewing determinations which were provided for by said subdivisions 4 and 5 of section 510, were, upon their re-enactment into the existing section of the law (§ 598, subds. 2, 3) made applicable only insofar as the prior determination had to do with the " benefit rate and qualifying wages."

In going on a strike the claimants, in a sense, took the position that because their employer was guilty of unfair practices they were justified in refusing to perform the duties of their employment and, in prosecuting their complaints, that, although on strike, they were entitled to their wages. In this they were upheld and the award of their " back pay " can, I think, only be held to have been *compensation* to them for the time during which, but for the strike, they would have been employed in the usual sense of the word. The award of their " back pay " bespeaks their employment during the period they were thus held to have been justified in refraining from the actual performance of work. Thus, they did not suffer " total unemployment " and the awards made on account thereof were properly held invalid.

The decision appealed from should be affirmed, without costs.

All concur.

Decision affirmed, without costs. [See *post,* p. 1072.]