In the Matter of the Claim of THOMAS L. STEWART, Appellant. EDWARD CORSI, as Industrial Commissioner, Respondent.
In the Matter of the Claim of JAMES H. THOMAS, Appellant. EDWARD CORSI, as Industrial Commissioner, Respondent.

Third Department, March 12, 1952.

*Ralph Shapiro* for appellants.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown, Solicitor-General,* and *Francis R. Curran* of counsel), for respondent.

BREWSTER, J. The initial determinations as sustained by the decisions appealed from, held each of the claimants ineligible for the unemployment insurance benefits which had been paid to them for a period from February 10th through April 23, 1950.

Claimants were laid off by their employer for lack of work on February 10, 1950, and this precipitated a labor dispute which, having been duly arbitrated under a labor agreement, resulted in an award for their reinstatement and payment of back pay. After confirmation of the award all interested parties made a settlement of the matter whereby the employer paid each claimant the exact mathematical equivalent of ten weeks' wages, claimant Thomas was reinstated in active service for the employer, and the termination of its employment of claimant Stewart was agreed upon. The moneys so paid to claimants were less than that to which the award entitled them. During their layoff period and until the settlement of the dispute claimants were paid the unemployment insurance benefits to which a totally unemployed status entitled them. The respondent's initial determinations held them ineligible for the amount of benefits which were paid them for the period to which the aforesaid moneys paid by the employer were allocable as their full wages, and directed repayment.

We do not consider the change in the statutory definition of total unemployment, effected by the 1942 amendment (L. 1942, ch. 640, § 2, now Labor Law, § 522, as added by L. 1944, ch. 705), to have altered the principle underlying the decisions in *Matter of Tonra* (283 N. Y. 676); *Matter of McCoy* v. *Remington Rand, Inc.* (262 App. Div. 790, motion for leave to appeal denied 286 N. Y. 735), and *Matter of Skutnik* (*Corsi*) (268 App. Div. 357,

motion for leave to appeal denied 294 N. Y. 645). In effect the 1942 amendment and the new enactment transferred the matter as to " compensation " from the former definition of " total unemployment " to the added section regarding the accumulation of " effective days ", and the amount of compensation to be disregarded in qualifications for the receipt of benefits. (Labor Law, former § 502, subds. 10, 12, as amd. by L. 1942, ch. 640, §§ 2, 3; now Labor Law, §§ 522, 523, as added by L. 1944, ch. 705, § 1.) The moneys which the employer paid claimants were on account of their full wages for an agreed portion of the time when their labor in employment was suspended by their employer's violation of the labor agreement, and retroactively rendered them ineligible for the benefits they had received during the period in question. The amount paid to claimant Stewart was equally so referable, and was not a dismissal payment made by the employer free from legal obligation. (Labor Law, § 517, subd. 2, par. [c].) The receiving of moneys so referable to and on account of wages in employment, even when the performance of labor therein has been so interrupted, does violence to the concept of total unemployment as viewed in the declared spirit and purpose of the Unemployment Insurance Law. (Labor Law, § 501.)

The decisions should be affirmed, without costs.

FOSTER, P. J., HEFFERNAN, BERGAN and COON, JJ., concur.

Decisions affirmed, without costs.