**TEXAS EMPLOYMENT COMMISSION,**
Appellant,

v.

**Sara A. BUSBY and Farm Pac Kitchens, Inc., Appellees.**

No. 8011.

Court of Civil Appeals of Texas, Amarillo.

July 20, 1970.

Rehearing Denied Aug. 17, 1970.

Sam Lane, Asst. Atty. Gen., Austin, for appellant.

Crenshaw, Dupree & Milam and Cecil Kuhne, Lubbock, for appellees.

DENTON, Chief Justice.

This case involves the eligibility of an employee for unemployment benefits. Suit was filed by Sara A. Busby and Farm Pac Kitchens, Inc. to review a decision of the Texas Employment Commission, which held Sara A. Busby was required to repay $234.00 unemployment compensation she had received between March 14, 1968 through April 18, 1968. All parties filed motion for summary judgment. The trial court overruled the Commission's motion and granted plaintiff's motion and held Sara Busby was entitled to receive the unemployment benefits.

The material facts are not in dispute. On December 12, 1967 Sara Busby was employed by Farm Pac as a bacon slicer. On this date she became involved in a fight with another employee on the premises during working hours. She and the other employee were discharged the following day for this conduct. Mrs. Busby was a member of the United Packinghouse, Food and Allied Workers Union, which represented employees of Farm Pac. The collective bargaining contract entered into by the union and employer provided for a grievance procedure, which included final and binding arbitration. The dispute concerning the discharge of Sara Busby was taken through the grievance procedure and resulted in a final arbitration award on April 17, 1968. The arbitrator ruled that Farm Pac had wrongfully discharged Mrs. Busby, and ordered Farm Pac to reinstate Mrs. Busby in her former job classification and pay scale, and ordered Farm Pac to pay her an amount equal to the wages she would have earned during this period, less any money received from other employment or unemployment compensation during this period. Both the employer and employee accepted and abided by the award

as required by the union contract. From March 14, 1968 through April 18, 1968, Mrs. Busby received $234.00 unemployment compensation. The Employment Commission subsequently determined Mrs. Busby had been overpaid this amount of $234.00 and ordered her to repay this sum to the Commission under the provisions of Article 5221b–14(d), Vernon's Ann.Civ.St. Both Farm Pac and Sara Busby appealed that decision to the trial court pursuant to Article 5221b–4(h) and (i), V.A.C.S.

The sole question involved is whether the money paid to Sara Busby, pursuant to an award of an arbitrator directing her reinstatement with back pay, constitutes wages. A determination of the question requires a construction of the applicable provisions of the Unemployment Compensation Act and the collective bargaining contract.

Article 5221b–17($l$) and (n) define "Total unemployment", "Wages" as follows:

"An individual shall be deemed 'totally unemployed' in any benefit period during which he performs no services and with respect to which no wages are payable to him;"

" 'Wages' means all remuneration for personal services, including commissions and bonuses—."

Appellees contend Sara Busby was totally unemployed during the period in question since she performed no personal services for her employer, thus the money paid to her was not "wages" under the express provision of Article 5221b–17(n). They argue that since Mrs. Busby performed no personal services during the period in question, no employer-employee relationship existed.

The U. S. Supreme Court in Social Security Board v. Nierotko, 327 U.S. 358, 66 S.Ct. 637, 90 L.Ed. 718, construed the definition of employment in the Social Security Act. The Act defined employment as "any service performed" by an employee. There the Social Security Board

urged, as do appellees here, that Nierotko did not perform any services; and that benefits under the Act related to "wages earned" for "work done." In rejecting this contention, the court held:

"We think that 'service' as used by Congress in this definitive phrase means not only work actually done but the entire employer-employee relationship for which compensation is paid to the employee by the employer."

In Texas Employment Commission v. International Union of Electrical, Radio and Machine Workers, 163 Tex. 135, 352 S.W.2d 252, the Texas Supreme Court considered a decision of the Employment Commission denying unemployment compensation benefits for employees who received vacation pay which coincided with the plant shutdown. The Court, after quoting the material provisions of Article 5221b–17 (*l*) (n), held the sums so received by the employees are wages paid with respect to the vacation-shutdown period; and that during such shutdown period the employees were not totally unemployed under the Act.

In McCoy v. Remington Rand, Inc., 262 App.Div. 790, 27 N.Y.S.2d 298, and Tonra v. Robins Dry Dock and Repair Company, 283 N.Y. 676, 28 N.E.2d 402, it was held moneys paid pursuant to an order of the National Labor Relations Board directing reinstatement of an employee with back pay constituted remuneration and wages under the meaning of the unemployment insurance law of that state. See also Salerno v. J. Oster Mfg. Co., 37 Wis.2d 433, 155 N.W.2d 66.

The collective bargaining contract entered into between the employer and union provided for certain grievance procedures which included binding arbitration. Mrs. Busby followed these procedures after her discharge. The decision of the arbitrator was that Farm Pac unjustly discharged her. Therefore, under the contract, and the uncontroverted facts of this case, the employer-employee relationship between Sara Busby and Farm Pac continued from December 13, 1967 to April 18, 1968. The remuneration she received from Farm Pac, as ordered by the arbitrator are wages, and during this same period of time Sara Busby was not totally unemployed under the terms of the Texas Unemployment Compensation Act.

The judgment of the trial court is reversed and the decision of the Texas Employment Commission ordering Sara Busby to repay the unemployment benefits awarded to her is affirmed. In accordance with the provisions of Article 5221b–13(b) V.A.C.S., no costs are taxed against Sara Busby. All costs are taxed against appellee Farm Pac Kitchens, Inc.

Reversed and rendered.