◼ In the Matter of the Claim of ANTONIO HERNANDEZ, Respondent. H. LIEBLICH & COMPANY, INC., Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 24, 1983, which ruled that claimant was totally unemployed during the period in issue and thus entitled to receive benefits. Claimant was hired by the employer in August, 1979 as a service helper and continued until his discharge on August 4, 1981. Prior to his discharge, claimant and the employer disagreed about the proper wage rate. Claimant also asserted that his discharge was improper. After his dismissal, claimant filed approximately 14 separate claims against the employer before various courts and administrative agencies, including a claim before the National Labor Relations Board (NLRB) alleging that the employer terminated him because he was attempting to enforce the union contract regarding wages and benefits. In addition, claimant filed for arbitration pursuant to the collective bargaining agreement by and between the employer and the union. The employer denied all charges. After extensive negotiations, the parties entered into a stipulation of settlement dated December 22, 1981 whereby the employer paid claimant the total sum of $7,000 as full settlement of any and all charges. While the NLRB was not a party to the stipulation, the employer and claimant entered into a separate written agreement approved by the NLRB. The settlement agreement divided the $7,000 into $6,512.80 (minus appropriate statutory deductions for back pay of $505.28 and expenses in looking for work) and $487.20 as pension contributions to claimant's union for the months August through November, 1981. The local office found that claimant was not totally unemployed during the period August 5, 1981 through December 4, 1981 during which he had collected unemployment benefits and charged him

with a recoverable overpayment of $2,250. The administrative law judge overruled the local office following a hearing at which claimant testified in substance that the only pay he received was for the time prior to termination (two weeks' vacation pay) and that the sum stipulated was largely for punitive damages. The board sustained the finding of the administrative law judge that the itemized statutory deductions did not correspond to the extended period of back pay alleged and that, therefore, the sum of $7,000 represented damages. We disagree with the conclusions of the board and, accordingly, reverse. While it is true that the various withholding tax deductions do not precisely correspond to the entire period of back pay alleged, testimony from claimant's witness indicates that the deductions were computed in that fashion at claimant's request. Further, the deductions for Social Security contributions (FICA) were concededly computed on the entire amount of $6,512.80 and pension contributions to the union were computed until November of 1981. Despite the testimony of claimant and his witness that the agreement did not constitute back wages, the record clearly indicates to the contrary. The settlement agreement, signed by claimant and the employer and approved by a representative of the NLRB, specifically refers to back pay of $6,512.80. It makes no reference to punitive damages as contended by claimant. Claimant's explanation as to the breakdown of the stipulated figures was that he thought he was signing for one week's pay, two weeks' vacation and a retroactive pay increase for July 6 to August 4, 1981, and the rest was punitive damages. The lump sum of $6,512.80 therefore constitutes wages for the purpose of determining unemployment insurance benefits (Labor Law, §§ 517, 591; *Matter of Talkov [Catherwood]*, 33 AD2d 1084; *Matter of Tonra,* 258 App Div 835, affd 283 NY 676). Claimant was not totally unemployed and the overpayment is recoverable (*Matter of Talkov [Catherwood], supra; Matter of Skutnik [Corsi]*, 268 App Div 357). The board's finding is not supported by substantial evidence. We have considered all arguments advanced by claimant urging affirmance and find them unpersuasive. Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.