**TEXAS EMPLOYMENT COMMISSION, Appellant,**

v.

**James H. OLIVER, Appellee.**

**No. 01–84–0747–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

May 30, 1985.

Jim Mattox, Atty. Gen., David R. Richards, Executive Asst. Atty. Gen., Harriet D. Burke, Bill Kimbrough, Asst. Attys. Gen., Austin, for appellant.

John K. George, Houston, for appellee.

Before JACK SMITH, DUNN and LEVY, JJ.

## OPINION

LEVY, Justice.

On January 9, 1981, appellee was discharged from his employment with the United States Postal Service ("Postal Service"). On January 12, 1981, appellee filed for unemployment benefits through the Texas Employment Commission ("TEC"), and the TEC granted benefits totaling $5,024 to be paid for the period of February 9 through July 8, 1981. Appellee also filed a grievance with the United States Merit System Protection Board ("MSPB"), and on June 3, 1981, the MSPB ordered him reinstated as of July 2, 1981, with back pay of $9,570.46, reducing appellee's discharge

to a 30-day suspension.[1] On May 20, 1982, the Postal Service tendered to appellee a net lump sum payment of $6,901.06, based on his back pay, to compensate him for his unwarranted discharge. On July 8, 1982, the TEC notified appellee that the lump sum payment of back pay by the Postal Service retroactively made him ineligible for the unemployment benefits which were paid to him during 1981, and that appellee was required to repay the TEC $2,558. Appellee did not reimburse the TEC.

On June 18, 1982, appellee was again discharged by the Postal Service, and he again applied for unemployment benefits. The TEC found him eligible on December 17, 1982, and granted him benefits, but notified him on January 28, 1983, that it intended to offset the benefits then due with the amount of the alleged earlier overpayment, which was recalculated to be $2572. Appellee appealed this decision, and the TEC denied his appeal on May 13, 1983.

Appellee brought suit against the TEC and the Postal Service for the amount withheld from his unemployment benefits in 1982. Appellee and the TEC both moved for summary judgment. After a hearing on the motions, the trial court granted appellee's motion for summary judgment and denied the TEC's motion.

In two points of error, the TEC alleges that the trial court erred in granting appellee's motion for summary judgment and in failing to grant TEC's motion for summary judgment. The TEC does not dispute that appellee was eligible at the time he received the benefits paid to him in 1981. Rather, it alleges that the lump sum payment of back pay made in 1982 by the Postal Service retroactively made appellee ineligible for the 1981 benefit payments. Therefore, the TEC argues that it was entitled to offset the amount it paid appellee in 1981 against the unemployment benefits due to appellee in 1982.

---

1. For the factual background of this case, see *Oliver v. United States Postal Service*, 696 F.2d 1129 (5th Cir.1983) (per curiam).

According to *Texas Employment Commission v. Busby*, 457 S.W.2d 170 (Tex.Civ. App.—Amarillo 1970, writ ref'd n.r.e.), an employee who is awarded back pay for a period of unemployment as a result of arbitration is not considered "totally unemployed" during that period within the terms of the Texas Unemployment Compensation Act ("Act")[2], and the TEC may properly require him to repay the amount of benefits paid to him for that period. However, the court in *Busby* addressed only the issues of whether back pay constituted "wages" under the Act and whether the award of such back pay meant that the employee was not "totally unemployed" for that period. Appellee in the case at bar argues that *Busby* was incorrectly decided, and he raises a different challenge by claiming that the ex post facto determination that he was disqualified cannot affect his entitlement to the benefits he received at a time when he was clearly qualified to receive them.

The TEC relied on the provisions of Tex. Rev.Civ.Stat.Ann. art. 5221b–14(d) (Vernon 1971) to recover the amount of benefits paid to appellee for the first seven months of 1981. That statute provides as follows:

Any person who, *by reason of the nondisclosure or misrepresentation by him or by another, of a material fact (irrespective of whether such nondisclosure or misrepresentation was known or fraudulent)* has received any sum as benefits under this Act while any conditions for the receipt of benefits imposed by this Act were not fulfilled in his case, or while he was disqualified from receiving benefits, shall, in the discretion of the Commission, either be liable to have such sum deducted from any future benefits payable to him under this Act or shall be liable to repay to the Commission for the Unemployment Compensation Fund, a sum equal to the amount so received by him, and such sum shall be collectible in the manner provided in Section 14(b) of this Act for the collection of

past due contributions. (Emphasis added).

In its brief, the TEC argues that appellee misrepresented himself in 1981 as totally unemployed and, under the terms of the statute, the misrepresentation need not be knowing or fraudulent. In oral argument, the TEC asserts that appellee in 1981 failed to disclose the fact that he would later receive his back pay for the period between February 9 and July 8, 1981, and that his lack of bad faith is not an issue.

Although appellee was subsequently paid for the months during which he described himself to the TEC as totally unemployed, he could not have known at the time he applied for benefits that the MSPB's subsequent action would make him retroactively disqualified. To require appellee to know what the MSPB would later decide would require clairvoyance and a linguistic transformation quite deservedly unknown to the law. At the time of his representation to the TEC, appellant *was* totally unemployed, all conditions imposed for the receipt of benefits were fulfilled, and he was qualified to receive the benefits. The question, then, is whether appellee's claim in 1981 constituted a misrepresentation of his eligibility or a nondisclosure of any material fact. We hold that it was not.

"Misrepresentation" means "any manifestation by words or other conduct by one person to another that, *under the circumstances,* amounts to an assertion not in accordance with the facts." (Emphasis added). *Black's Law Dictionary* 903 (5th ed. 1981); *Martinez v. Texas Employment Commission,* 570 S.W.2d 28, 32 (Tex.Civ. App.—Corpus Christi 1978, no writ). Appellee did not misrepresent himself or the facts under the circumstances then in existence. "Non-disclosure" means "a failure to reveal facts, which may exist when there is no 'concealment.'" *Black's Law Dictionary* 949 (5th ed. 1981); *see Tube Reducing Corp. v. Unemployment Compensa-*

---

**2.** "Totally unemployed" individuals are eligible for compensation under Tex.Rev.Civ.Stat.Ann.

art. 5221b–1(b) (Vernon Supp.1985).

*tion Commission*, 1 N.J. 177, 62 A.2d 473, (1948). Appellant disclosed to the TEC every pertinent fact then in existence when he made his claims and received his benefits in 1981.

█ The statute, by its terms, allows the TEC to recover only amounts *received* by an employee "while he was disqualified." In the instant case, appellee received his benefits while he was qualified, but he subsequently became retroactively disqualified by action of the MSPB. We therefore conclude that the statute does not allow the TEC to recover the amounts from appellee, if received while he was qualified, by deducting the past payments from future benefits due to appellee.

█ The clear intent of the legislature in enacting subsection (d) of the statute was to permit recoupment by the TEC where a nondisclosure or misrepresentation is made. This is so whether or not the nondisclosure or misrepresentation was intentional. To allow an employee to receive both wages and unemployment compensation for the same time period is basically an unjust enrichment and should not be permitted. However, the statute does not specifically permit the TEC to recover expended funds under the facts of the instant case, and we are not permitted to enlarge, or place a strained construction on, the powers of the recoupment authority set forth in the statute. *Martinez*, 570 S.W.2d at 32. The matter of recoupment from a person who was qualified for unemployment benefits and received those benefits, but later received back pay covering the unemployment time period, should be addressed by the legislature. The practice of what has been alluded to as "double dipping" should neither be permitted nor condoned.[3] As it stands, however, the statute does not permit recoupment in such a situation.

Because the trial court was correct in ruling that TEC could not deduct the amounts paid to appellee in 1981 from appellee's benefits payable in 1982, the trial court did not err in granting appellee's motion for summary judgment and denying the TEC's motion for summary judgment. The TEC's points of error are overruled, and the judgment of the trial court is affirmed.

DUNN, J., dissents.

DUNN, Justice, dissenting.

I respectfully dissent. Appellee has received unemployment compensation and has collected wages for the same period of time. The Texas Unemployment Compensation Act does not contemplate that such overpayment may not be recouped.

Tex.Rev.Civ.Stat.Ann. art. 5221b–14(d) (Vernon 1971) allows the Texas Employment Commission to recover amounts overpaid to anyone making a misrepresentation or nondisclosure of a material fact, even if the person does not know that his statement amounts to a misrepresentation or nondisclosure. Appellee in the case at bar, while receiving unemployment compensation, pursued his claim against his employer for wrongful discharge and loss of wages. True, he could not have anticipated the outcome of his cause of action, but his claim against his employer was obviously not frivolous since he ultimately prevailed. The majority overlooks that portion of article 5221b–14(d) that requires repayment of monies paid out as unemployment compensation, irrespective of whether such nondisclosure or misrepresentation was known or unknown. If the employee later receives wages for the period of time for which he is claiming unemployment, whether or not he knows at the time of his unemployment that his wages would be actually refunded to him, then the amount paid out, because of the claimed unemployment under the terms of the statute, must be refunded to the Texas Employment Commission. Contrary to the opinion of the majority, the Act is not calling for clairvoyance on the part

---

**3.** The TEC might consider a contractual recoupment agreement between the TEC and applicants for unemployment benefits.

of the appellee, nor is the requirement under this condition unfair. Any other interpretation would provide a "windfall" for the appellee. The legislature clearly intended to cover situations of this type.

*Texas Employment Commission v. Busby*, 457 S.W.2d 170 (Tex.Civ.App.—Amarillo 1970, writ ref'd n.r.e.), correctly stated that the employment relationship between a wrongfully discharged employee and his employer is not interrupted by the wrongful discharge, but continues as a legal fact throughout the term of the "unemployment." This fact is only revealed when the arbitration board makes its decision, but it is a continuing legal fact throughout the period of supposed "unemployment," regardless of the inability of any party to know or disclose that fact.

Further, the provision in the Act that the misrepresentation need not be "known or fraudulent" is designed to apply to an employee (or employer) who makes an innocent misrepresentation to the Texas Employment Commission of the employee's status. *Mollinedo v. Texas Employment Commission*, 662 S.W.2d 732 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). The outcome of the employee's suit for reinstatement and wages was unknown to him at the time he was without work. This situation is provided for in the Act by the application of that portion of the Act specifying "whether known or unknown."

The majority cites *Martinez v. Texas Employment Commission*, 570 S.W.2d 28 (Tex.Civ.App.—Corpus Christi 1978, no writ) in support of their argument. The facts, which both parties stipulated to in *Martinez*, were that the *Texas Employment Commission* made a mistake. The Court in *Martinez* determined that recovery under the Act provided that nondisclosure or misrepresentation, known or unknown, by the employee, i.e., *"by him"* or *"by another,"* did not include a mistake made by Texas Employment Commission. Therefore, the Court denied the Texas Employment Commission recovery in this case, reasoning that "by another" did not include the Texas Employment Commission.

In the case at bar, the appellee pursued his claim against his employer, collected unemployment insurance, and also received his wages for the same period of time. There was no mistake on the part of the Texas Employment Commission.

I would hold that the trial court erred in granting the appellee's motion for summary judgment and in failing to grant the Texas Employment Commission's motion for summary judgment. I would reverse the trial court's judgment and render judgment for Texas Employment Commission.