■ In the Matter of the Claim of JOSEPH GLICK, Appellant. COMMISSIONER OF LABOR, Respondent. [909 NYS2d 160]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 28, 2009, which, among other things, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant was employed by the Office of Children and Family Services until his employment was terminated on October 27, 2005. As a result, claimant applied for and received unemployment insurance benefits in the amount of $10,165.50, covering the period from November 2005 through May 2006. In the meantime, claimant commenced an action against the employer for wrongful discharge, which ultimately resulted in a settle-

ment pursuant to which claimant received $92,317.15 in back pay covering the period between his termination and May 1, 2008. The Department of Labor thereafter notified claimant that, in light of the settlement, he was no longer entitled to the unemployment insurance benefits he received because he was not totally unemployed, and charged him with a recoverable overpayment of $10,165.50. Following a hearing, an Administrative Law Judge sustained the Department's determination and the Unemployment Insurance Appeal Board affirmed. Claimant now appeals.

We affirm. A lump-sum payment of back pay constitutes wages for the purpose of determining benefits and, therefore, the Board's determination that claimant was not totally unemployed and the overpayment was recoverable is supported by substantial evidence (see Matter of Hernandez [Lieblich & Co.—Roberts], 97 AD2d 585, 586 [1983], affd 63 NY2d 737 [1984]; Matter of Talkov [Catherwood], 33 AD2d 1084, 1085 [1970]; Matter of Skutnik [Corsi], 268 App Div 357, 361 [1944], lv denied 294 NY 645 [1945]). Contrary to claimant's contention, the overpayment determination was not time-barred, inasmuch as it was made within six months of the retroactive payment of remuneration pursuant to the settlement agreement (see Labor Law § 597 [3], [4]). We have examined claimant's remaining contentions and find them either unpreserved or without merit.

Peters, J.P., Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.