■ In the Matter of the Claim of JUDITH M. MYERS SIDARI, Appellant. COMMISSIONER OF LABOR, Respondent. [950 NYS2d 823]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 8, 2011, which, upon reconsideration, adhered to its prior decision ruling that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

Claimant, a nurse, was initially placed on paid administrative leave due to an incident at work in August 2008. In October 2008, the employer initiated disciplinary charges against her seeking to terminate her employment. Although claimant was suspended without pay as a result of the pending charges, she remained on full pay through November 3, 2008 by using accrued leave time. In the interim, claimant filed a claim for unemployment insurance benefits for the period of November 4, 2008 through November 28, 2008. She also submitted a grievance against the employer. Following negotiations, a stipulation of settlement was executed whereby claimant, represented by counsel, agreed to withdraw her grievance and resign, effective December 30, 2008. In turn, the employer agreed to withdraw the notice of discipline and provide claimant with "back pay for 8 weeks for the period from November 4, 2008 to December 30, 2008." Accordingly, the Unemployment Insurance Board ultimately ruled that claimant was ineligible to receive benefits for the relevant period on the basis that she was not totally unemployed. Upon reconsideration, the Board adhered to that decision, prompting this appeal by claimant.

We affirm. Given the specific wording of the stipulation of settlement stating that claimant was receiving an award of back pay for the relevant time period, we reject her contention that the Board was required to conclude that the amount actually constituted a severance package or "[d]ismissal payments" that cannot be considered as remuneration for purposes of calculating benefits (Labor Law § 517 [2] [h]; *see Matter of Jeffares [Commissioner of Labor]*, 9 AD3d 770, 771 [2004]). As this Court has previously noted, a "payment of back pay constitutes wages for the purpose of determining benefits and, therefore, the Board's determination that claimant was not totally unemployed . . . is supported by substantial evidence" (*Matter of Glick [Commissioner of Labor]*, 77 AD3d 1008, 1009 [2010]).

Mercure, J.P., Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.