LORRIE S. KUGEL, CLAIMANT-APPELLANT, v. BOARD OF
REVIEW, DIVISION OF EMPLOYMENT SECURITY, DE-
PARTMENT OF LABOR AND INDUSTRY, STATE OF
NEW JERSEY, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 20, 1961—Decided April 4, 1961.

548

Before Judges PRICE, GAULKIN and SULLIVAN.

*Lorrie S. Kugel* argued the cause *pro se.*

Mr. *Edward A. Kaplan* argued the cause for respondent (Mr. *Clarence F. McGovern,* attorney).

PER CURIAM. Claimant appeals from a ruling by the Division of Employment Security that she refund overpayments of $87.50 on unemployment compensation benefits paid to her under *R. S.* 43:21–1 *et seq.*

On January 26, 1959 claimant filed a claim for unemployment benefits under the New Jersey Unemployment Compensation Act, *R. S.* 43:21–1 *et seq.* The base year thereby established for claimant was the 52-week period from January 19, 1958 through January 17, 1959. During such period claimant worked for 11 weeks for M. C. Schrank Company (Schrank) at 439 5th Avenue, New York City. Schrank also had employment facilities in New Jersey and had employees who were covered by the New Jersey Unemployment Compensation Law. Claimant's employment with Schrank, however, was not covered by the New Jersey law but was subject to the New York Unemployment Compensation Law, and contributions thereunder, based on claimant's wages during the 11-week period, were paid by her employer into the New York fund. When claimant's employment with Schrank was terminated on March 7, 1958, she applied for and received weekly unemployment benefits from the State of New York until September 1958, when she obtained employment with Belmont Sheet Metal Works (Belmont) in Newark, New Jersey. This employment lasted for 21½ weeks and was subject to the New Jersey Unemployment Compensation Law. When claimant's employment with Belmont terminated on January 23, 1959, she

filed a claim for unemployment benefits under New Jersey law.

The Division of Employment Security, which administers the New Jersey Unemployment Compensation Law, processed her claim on the basis of her employment by Belmont and Schrank and determined that her maximum total benefits would be $857.50 payable, as eligible weeks of unemployment were established, at the benefit rate of $35 per week for a maximum 24½ weeks; 16 weeks, or $560 thereof, chargeable against the account of Belmont, and 8½ weeks, or $297.50, against the account of Schrank. (Under the law, *N. J. S. A.* 43:21-3(d), maximum total benefits are computed separately as to each employer and are three-fourths the claimant's weeks of employment by such employer during the base year, multiplied by the weekly benefit rate.) Claimant thereupon received unemployment benefits for nine weeks through March 29, 1959, and for ten weeks from August 3, 1959 through October 11, 1959, amounting to $665. No payments were made in April, May, June, or July because claimant was not actively seeking work due to pregnancy. She obtained other employment on October 13, 1959.

Sometime thereafter Schrank notified the Division that benefits paid claimant "should not be charged to their New Jersey account." On December 30, 1959 the Division made a redetermination of claimant's maximum benefits by eliminating her 11 weeks of New York employment. The Division also filled out claimant's employment with Belmont to a full 22 weeks. On the basis of the redetermination, claimant's maximum benefits were $577.50. Since she had been paid $665 in unemployment benefits, the Division demanded refund of the overpayment of $87.50. The Division indicated that it would not press for immediate payment but would use the overpayment to offset any future benefits to which claimant might become entitled.

Claimant does not dispute the fact that the original determination was erroneous and that she was overpaid $87.50.

Her position is that the error was not hers and that she relied on the original determination to her prejudice in that "as a result of the time lapse between the January and December determinations plaintiff became ineligible to receive or apply for compensation she would be entitled to for employment benefits resulting from her employment with the M. C. Schrank Co. in New York City, N. Y. due to the fact that the base year of this employment period had run its course."

██ Claimant's legal position is unsound. Benefit payments out of the Unemployment Compensation Fund can only be made in accordance with the provisions of the Unemployment Compensation Law. If benefits are improperly received by reason of non-disclosure or misrepresentation of a material fact, "or for any other reason," the Director is authorized by the law to direct recovery of the same. *N. J. S. A.* 43:21–16(d) ; *Tube Reducing Corp. v. Unemployment C. C. of N. J.,* 136 *N. J. L.* 410 (*Sup. Ct.* 1948), affirmed 1 *N. J.* 177 (1948). *Cf. Bartholf v. Board of Review,* 36 *N. J. Super.* 349 (*App. Div.* 1955). The broad public policy thus enunciated is that the Fund is not to be depleted except by valid benefit payments.

█ Claimant has asserted reliance on the erroneous determination to her detriment. However, outside of her statement to that effect, no detriment was actually shown, and even if it had been established, would not prevail against the policy enunciated.

Affirmed. No costs.