Jesus MARTINEZ, Appellant,

v.

**TEXAS EMPLOYMENT COMMISSION,**
Appellee.

**No. 1317.**

Court of Civil Appeals of Texas,
Corpus Christi.

June 22, 1978.

H. Clyde Farrell, Texas Rural Legal Aid, Inc., Harlingen, for appellant.

Myra A. McDaniel, Asst. Atty. Gen., Austin, for appellee.

## OPINION

YOUNG, Justice.

This appeal involves the construction of Tex.Rev.Civ.Stat.Ann. art. 5221b -14(d) (1971). The appellee, Texas Employment Commission, hereafter called "TEC", rendered an administrative decision that appellant, Jesus Martinez, must reimburse TEC for an alleged overpayment of unemployment compensation. After exhausting administrative appeals, Martinez, filed this action in the district court of Cameron County to overturn the decision of TEC. Both parties moved for summary judgment and on October 3, 1977, the court below granted to TEC judgment which denied all of appellant's requested relief. Martinez brings this appeal. We reverse.

This appeal comes to us on an agreed statement of facts under Rule 378, T.R.C.P. Those facts appear in the record as follows:

"1. During the time period from May 12, 1975 through July 3, 1975, when Mr. MARTINEZ was unemployed, he received eight Unemployment-Insurance

payments of $63.00 each in the total amount of $504.00, from the TEXAS EMPLOYMENT COMMISSION.

2. The TEXAS EMPLOYMENT COMMISSION subsequently informed Mr. MARTINEZ that he had been 'overpaid' in the amount of $504.00 by the aforesaid payments. The reason stated for such overpayment was that wages earned by another individual at Temple Industries, Inc. had been credited to Mr. MARTINEZ and that his claim was disallowed because he did not have sufficient wages reported in the base period to qualify for benefits.

3. Mr. MARTINEZ contested the aforesaid overpayment determination at a hearing and through all available appeals provided by the TEXAS EMPLOYMENT COMMISSION. The TEXAS EMPLOYMENT COMMISSION ruled against him and sustained its original determination as stated in 2. above at each step of the hearing and appeal procedure.

4. Mr. MARTINEZ on December 3, 1975 duly filed this action in the 197th District Court of Cameron County for judicial review of said overpayment determination.

5. After discovery proceedings, Mr. MARTINEZ and the TEXAS EMPLOYMENT COMMISSION each moved for summary judgment in the Trial Court. On October 3, 1977, the Trial Court entered Judgment granting the Motion of the TEXAS EMPLOYMENT COMMISSION for Summary Judgment and denying the Motion for summary Judgment of Mr. MARTINEZ and ordering that the TEXAS EMPLOYMENT COMMISSION was entitled to Judgment and that Plaintiff take nothing by his suit.

6. The decision of the TEXAS EMPLOYMENT COMMISSION to pay Mr. MARTINEZ the aforesaid $504.00 in benefits was based upon data in possession of the TEXAS EMPLOYMENT COMMISSION which erroneously attributed to Mr. MARTINEZ wages which were actually earned by another person with the same name and social security number.

7. The data referred to in 6. above was true, i. e., there was in existence such a person with such name, and social security number and earnings record.

8. Mr. MARTINEZ' earnings record at the time the aforesaid $504.00 was paid was in fact insufficient to entitle him to such payment, or any part thereof. The payment was made erroneously to Mr. MARTINEZ, for the sole reason that he was credited by the TEXAS EMPLOYMENT COMMISSION with wages earned by another person with the same name and social security number as Mr. MARTINEZ.

9. At the time this lawsuit was filed and at all times prior thereto, it was the policy of the TEXAS EMPLOYMENT COMMISSION to establish as an overpayment pursuant to § 16 of the Texas Unemployment Compensation Act, all Unemployment benefits erroneously paid any claimant, whether the error in payment of such benefits was the fault of the Agency or of any other party. It was also the policy of the Commission to attempt to recoup all such benefits which were deemed to be overpaid."

These agreed facts are presumed to embrace every fact in the case and no other fact or findings may be presumed or inferred except such facts as are necessarily implied from those expressly stipulated. *Stewart v. Mobley,* 500 S.W.2d 246, 249 (Tex.Civ.App.—Beaumont 1973, writ ref'd n. r. e.).

Actions to review decisions of the Texas Employment Commission are governed by the substantial evidence rule. *De-Leon v. Texas Employment Commission,* 529 S.W.2d 268 (Tex.Civ.App.—Corpus Christi, 1975, writ ref'd n. r. e.). Since the facts on appeal are stipulated, the sole question presented is whether such undisputed facts support the decision of TEC and the judgment of the trial court; i. e., the appealing party must show that the decision is arbitrary, unreasonable, capricious and made without regard to the facts. This is a question of law. *Gerst v. Guardian Savings and Loan Association,* 434 S.W.2d 113 (Tex. 1968). *Nelson v. Texas Employment Commission,* 290 S.W.2d 708, 710 (Tex.Civ.App.

—Galveston 1956, writ ref'd); *DeLeon,* supra.

Appellant, Martinez brings two points. The second point contends the stipulated facts show that the TEC abused its discretion in applying a uniform policy of ordering repayment without regard to the hardships and inequities involved. We disagree.

█ Appellant bases his assertion upon the premise that Article 5221b-14 (d) grants discretion to TEC whether or not to compel repayment. Article 5221-14 (d) provides:

"(d). Any person who, by reason of the nondisclosure or misrepresentation by him or by another, of a material fact (irrespective of whether such nondisclosure or misrepresentation was known or fraudulent) has received any sum as benefits under this Act while any conditions for the receipt of benefits imposed by this Act were not fulfilled in his case, or while he was disqualified from receiving benefits, shall, in the discretion of the Commission, either be liable to have such sum deducted from any future benefits payable to him under this Act or shall be liable to repay to the Commission for the Unemployment Compensation Fund, a sum equal to the amount so received by him, and such sum shall be collectable in the manner provided in Section 14 (b) of this Act for the collection of past due contributions." (Emphasis supplied.)

He cites the above underlined language from Article 5221b-14 (d) as the statutory basis for the discretion. We hold this statute gives no discretion to TEC to forgive or reduce a repayment. The only discretion this provision confers upon TEC is whether to demand a current repayment or a deduction from future benefits. See *Decker v. Industrial Com'n, Dept. of Emp. Sec.,* 533 P.2d 898, 899 (Utah 1975). Appellant's second point is overruled.

Appellant's first point contends the trial court erred in upholding the decision of TEC because the stipulated facts show that the overpayment was not made by reason of the nondisclosure or misrepresentation, by him or another, of a material fact. We agree.

If TEC's conclusion was correct, it is immaterial that it may have proceeded to the conclusion on an erroneous theory or may have given an unsound reason for reaching it. *Texas Employment Commission v. Hays,* 360 S.W.2d 525, 527 (Tex. 1962). For that reason, we begin our discussion of the first point by an examination of possible grounds upon which the TEC may issue an order compelling recoupment.

█ An administrative agency, such as TEC, has only such powers as are expressly granted to it by statute together with those necessarily implied from the authority conferred or duties imposed. *Stauffer v. City of San Antonio,* 162 Tex. 13, 344 S.W.2d 158, 160 (1961); *State v. Jackson,* 376 S.W.2d 341 (Tex. 1964). If the statutes do not grant an agency the power to do a thing, then it has no such power. *Nueces Co. Water C. & I. Dist. v. Texas Water R'ts. Com'n.,* 481 S.W.2d 924 (Tex.Civ.App.— Austin 1972, writ ref'd n. r. e.). When the Legislature acts with respect to a particular matter, the administrative agency may not so act with respect to the matter so as to nullify the Legislative action even though the matter be within the agency's general regulatory field. *State v. Jackson,* 376 S.W.2d 341, 344 -45 (Tex. 1964); *Cobra Oil & Gas Corporation v. Sadler,* 447 S.W.2d 887, 892 (Tex. 1968).

█ All of which brings us to the discussion of the particular statute involved here. At the time of the acts made the basis of this suit, Article 5221b-14 (d) expressed the only provision in the Texas Unemployment Compensation Act for recouping payments of undeserved benefits where no fraud or willful and knowing nondisclosure was shown.[1] In order to recoup payments, TEC was required to show either a nondisclosure or misrepresentation by either the claimant, or by another. No other ground or theory

---

1. Tex.Rev.Civ.Stat.Ann. art. 5221b-14 (d) has been amended effective January 1, 1978, and provides for recoupment of undeserved bene- fits whenever a prior determination or decision is finally modified or reversed to deny benefits.

32

for recovery was provided by the Legislature, and we think that to consider another theory of recovery would nullify the Legislature's expressed intent as to the requirements for recovering undeserved benefits. For this reason, we do not here consider whether the judgment in favor of TEC can be affirmed on any other theory such as restitution or unjust enrichment. See *Hill v. Review Board of Indiana Employment Sec. Div.,* 124 Ind.App. 83, 112 N.E.2d 218 (1953). The result of this case then is to be determined solely on whether there is substantial evidence to show that the requirements of Article 5221b-14 (d) have been met.

TEC agrees in its brief that "there was no nondisclosure or misrepresentation by appellant of any material fact." It asserts, however, that the required misrepresentation as to a material fact was made by employees of TEC, and that the clause in Article 5221b-14 (d) "Any person, by reason of the nondisclosure or misrepresentation by him (the unemployed) *or another,* of a material fact . . ." shows that the Legislature intended to require repayment even when the erroneous payment resulted from a mistake of a TEC employee. We do not accept this overly technical interpretation of the language in question. See *Calvert v. Phillips,* 268 S.W.2d 478 (Tex.Civ. App.—Austin 1954, writ ref'd).

■ The Act herein must be given a reasonable, common sense interpretation. *State Highway Dept. v. Gorham,* 139 Tex. 361, 162 S.W.2d 934 (1942). Misrepresentation is defined in Black's Law Dictionary 1152 (rev. 4th ed. 1968) as:

"any manifestation by words or other conduct by *one person to another* that under the circumstances, amounts to an assertion not in accordance with the facts." (Emphasis supplied.)

In keeping with the above definition, the obvious intent of the Legislature was that the misrepresentation be made by the claimant, or anyone, *to TEC.* To show who made the representation to TEC in the instant case, the parties stipulated, viz:

"8 . . . the payment was made erroneously to Mr. Martinez, for the *sole reason* that he was credited by the *Texas Employment Commission* with wages earned by another person . . ."

In other words, the parties agreed that it was TEC itself that made the mistake or, as appellee terms it, the misrepresentation. Can TEC misrepresent to TEC? We think not. For us to hold otherwise would torture the obvious intent of the Legislature.

■ The Texas Unemployment Compensation Act was passed as a remedial provision with the purpose of relieving the economic plight of people who are unemployed through no fault of their own. *Texas Employment Commission v. Gulf States Utilities Co.,* 410 S.W.2d 322 (Tex.Civ.App. —Eastland 1966, writ ref'd n. r. e.). We think it would be contrary to that purpose to construe Article 5221b-14 (d) of the Act so as to provide for recovery of payments when there is no evidence of misrepresentation or nondisclosure, and when the mistake is caused solely by TEC itself. *In re Prouty,* 131 Vt. 504, 310 A.2d 12 (1973).

■ Appellee also contends that great weight should be given to TEC's policy of recouping *all* overpayments under Article 5221b-14 (d). In that regard, departmental practice is important when an administrative agency is confronted with an ambiguous statute, but it affords no basis for practices which are contrary to the plain meaning of statutes. *Brown Express Inc. v. Railroad Commission,* 415 S.W.2d 394 (Tex. 1967).

TEC further argues that *Kugel v. Board of Review,* 66 N.J.Super. 547, 169 A.2d 717, 719 (1961) applies to the instant case in that it also involved a clerical type mistake by the agency there involved. *Kugel* held that where the agency makes a clerical error, the expressed public policy of the New Jersey Act, to prevent depletion by unjustified benefit payments, compels recoupment. The statute in that case, though similar to the Texas Unemployment Compensation Act, provided for recoupment in the case of misrepresentation, nondisclosure, or "for any other reason". Our Legislature clearly

did not extend our Act to cover such a broad range of circumstances. Appellant's first point is sustained.

The judgment of the trial court is therefore reversed and judgment is here rendered that the November 13, 1975, decision of the Texas Employment Commission be set aside and that Jesus Martinez not be required to repay the disputed $504.00 herein and that he have his costs.