

# The Attorney General of Texas

December 22, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Ernie W. Tullis, Administrator
Texas Employment Commission
TEC Building
Austin, Texas    78778

Opinion No. MW-540

Re:    Adoption    of    nepotism
policy  by  Texas  Employment
Commission

Dear Mr. Tullis:

You advise that the Texas Employment Commission is considering the adoption of a nepotism policy reading:

> In keeping with the spirit of the nepotism laws of Texas, it shall be the policy of this Agency that no supervisor, administrator, or manager shall hire, promote, or approve the hiring or promotion of any person related within the second degree of affinity or within the third degree of consanguinity to the person so hiring, promoting, or approving; provided that nothing herein shall prevent the hiring, promotion, or approval of hiring or promotion of any person who shall have been continuously employed in any such position for a period of two (2) years prior to the assumption of duties by the supervisor, administrator, or manager to whom the employee is related in the prohibited degree.

You ask if the commission is empowered by the Texas Unemployment Compensation Act, article 5221b-1 et seq., V.T.C.S., to adopt and implement such a policy.

Article 5221b-9, subsection (a), V.T.C.S., clothes the commission with power and authority to adopt, amend, or rescind such rules and regulations, to employ such persons, and take such other action as it deems necessary or suitable to administer the act, and empowers it to determine its own organization and methods of procedure in accordance with provisions of the act. Subsection (d) thereof specifically authorizes the commission to appoint, fix the compensation, and prescribe the duties and powers of such officers, accountants, attorneys, experts, and other persons as may be necessary in the performance of its duties.

The proposed nepotism policy, in our view, merely prescribes the duties and limits the powers of those persons to whom the commission has delegated authority to hire, promote, or approve the hiring or promotion of other persons. The commission possesses power to adopt the policy unless it contravenes a policy or law established either by the constitution or the legislature, or under their authority. See Attorney General Opinions H-832 (1976); O-2601 (1940).

Article 5996a, V.T.C.S., prohibits an officer of the state or a local officer from appointing, voting to appoint, or confirming any person to "any office, position, clerkship, employment or duty" if the person is related to him in a prohibited degree. An exception is made if the person shall have been continuously employed in that position, employment or duty for a period of two years prior to the election or appointment of the person who makes the appointment. Other provisions define the class of "officers" against whom the statutory prohibition operates, article 5996b, prohibit evasion by trading, article 5996c, forbid approval of accounts or draws for ineligible persons, article 5996d, and make violations a misdemeanor involving official misconduct, article 5996f.

The nepotism statutes address conduct by "officer[s] of this State." V.T.C.S. art. 5996a. Specifically within the meaning of the term are "head[s] of departments of the State government," but persons who occupy positions of lesser responsibility are not specifically included. V.T.C.S. art. 5996b. Cf. Pena v. Rio Grande City Consolidated Independent School District, 616 S.W.2d 658 (Tex. Civ. App. - Eastland 1981, no writ) (school superintendent). Not all the persons to whom the commission has delegated responsibility and who would be affected by the proposed policy of the commission are "officers" within the meaning of the statutes prohibiting nepotism. But that fact does not limit the authority of the board to institute a policy of broader prohibitory application, in our opinion, if it determines that the adoption of such a policy is necessary for the good administration of the Unemployment Compensation Act.

The commission has been invested with power to take such actions as it deems necessary or suitable to administer the Unemployment Compensation Act. V.T.C.S. art. 5221b-9(a). In our opinion, the legislature did not intend by the enactment of the nepotism statutes to occupy the field or prevent the adoption by state agencies of a consistent but more far-reaching policy regarding favoritism. Although the proposed policy may be violated by a person to whom the nepotism statutes are inapplicable, the policy is not for that reason inconsistent with the statutes. As we interpret the policy, it does not purport to permit anything the statutes forbid, nor does it prohibit anything the statutes expressly allow. See Tullos v. State, 284 S.W.2d 715 (Tex. Crim. App. 1955). Cf. State v. Jackson, 376 S.W.2d 341 (Tex. 1964); Martinez v. Texas Employment Commission, 570

S.W.2d 28 (Tex. Civ. App. - Corpus Christi 1978, no writ) (administrative acts nullifying legislative action).

It is our opinion that the Texas Employment Commission may adopt the proposed policy if it chooses to do so, and will not thereby put itself into conflict with any expressed or implied legislative limitation on its power. See generally 2 Tex. Jur. III Administrative Law §12, at 202.

## S U M M A R Y

The Texas Employment Commission may adopt an anti-favoritism policy of broader reach than the present nepotism statutes.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Laura Martin
Jim Moellinger
Bruce Youngblood