

# The Attorney General of Texas

May 25 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Lauro Cavazos, Ph.D.
President
Texas Tech University
Health Sciences Center
P. O. Box 4349
Lubbock, Texas   79409

Opinion No. MW-476

Re:   Tuition   for   nursing
students   at   Texas   Tech
University   Health   Sciences
Center

Dear Dr. Cavazos:

Your question concerns the tuition to be paid by nursing students at Texas Tech University Health Sciences Center. The center was named the Texas Tech University School of Medicine until 1979, see Acts 1979, Sixty-sixth Legislature chapter 319, at 724, and has been since its inception "not a department, school or branch of Texas Tech University," but a separate institution -- though under the direction, management and control of the Texas Tech University Board of Regents. Educ. Code §110.01; see Henry v. Texas Tech University, 466 F. Supp. 141 (N.D. Tex. 1979); Attorney General Opinion M-1007 (1971). Section 110.06 of the Education Code states:

> The board may, when in the best interests of medical education at the Health Sciences Center, execute and carry out affiliation or coordinating agreements with any other entity or institution in the Lubbock area, Amarillo area, El Paso area, and the Odessa-Midland area to provide clinical, postgraduate, including internship and residency, or other levels of medical educational work for the Health Sciences Center. Additionally, the board may execute and carry out affiliation or coordinating agreements with any other entity or institution necessary to conduct and operate the Health   Sciences   Center   as   a   first-class institution. The board may utilize the facilities and staffs of other state biomedical units.

You have asked us about a proposed contract between the center and the university regarding the general course work of professional nursing students.

The unique curriculum design for the School of Nursing at the center requires simultaneous course work at both the center and the university. You explain that students at the center must pursue both general and professional class work during each year of the four-year program rather than (as in a typical nursing program) complete two years of lower division general course work prior to beginning two years of upper division work at a school of nursing. However, the arrangement brings into play two provisions of the Education Code specifying tuition charges.

Section 54.051(k) of the Education Code provides that tuition "for students registered in a school of nursing as a nursing student is $50 per semester...." But section 54.062 thereof states that when a student registers at more than one public institution of higher education at the same time:

> (1)   The student shall pay the full tuition charge to the first institution at which he is registered; and in any event he shall pay an amount at least equal to the minimum tuition specified in this code.

> (2)   If the minimum tuition specified in this code for the first institution at which the student is registered is equal to or greater than the minimum tuition specified in this code for the second institution at which the student is registered concurrently, the student shall not be required to pay the specified minimum tuition charge to the second institution in addition to the tuition charge paid to the first institution, but shall pay only the hourly rates, as provided in this code, to the second institution.

> (3)   If the minimum tuition specified in this code for the first institution at which the student is registered is less than the specified minimum tuition charge at the second institution (that is, if the second institution has a higher minimum tuition charge specified in this code), then the student shall first register at the institution having the lower minimum tuition and shall pay to the second institution only the amount equal to the difference between his total tuition charge at the second institution and his total tuition charge at the first institution, but in no case shall the student pay to the second institution less than the hourly rates as provided in this code....

Although $50 per semester is the maximum tuition for nursing students registered at the center, section 54.051(k) of the Education Code, $50 per semester is the minimum tuition for such students at the university.  Id. §54.051(b).  Assuming a normal course load of 15 hours, the maximum tuition for a nursing student under the joint program would be $60 per semester, rather than $50, if section 54.062 is applied.  See Educ. Code §54.051(b) (tuition for resident students is $4 per credit hour).

In order to avoid that result, it has been suggested to the Texas Tech University Board of Regents that student nurses at the center be charged the $50 maximum tuition under section 54.051(k), and that the students not register at the university for their regular course work, but that the university contractually agree with the center to supply each of the center's students with instruction in the basic general courses needed to complete the student's degree plan.  The center, under the proposed agreement, would keep all the tuition paid, but the university would be entitled to use for all statistical purposes the number of semester credit hours of instruction it provided.  This would supposedly enable the university to claim them in reporting to the Coordinating Board, Texas College and University System, for purposes of Legislative Appropriation Formula Generation.  See Educ. Code §61.059; 19 T.A.C. §13.3 (1981).

You specifically ask:

> (1)   What statute controls the tuition rate to be charged a Texas Tech University Health Sciences Center School of Nursing student; and,

> (2)   May Texas Tech University receive credit hours for formula generation purposes as consideration for the teaching services rendered under the proposed contract?

Section 54.051(k) of the Education Code, specifying the $50 maximum tuition for nursing students, was enacted in 1971.  See Acts 1971, 62nd Leg., ch. 1024, at 3352.  The provision dealing with concurrent enrollments, section 54.062, was added later, in 1977.  See Acts 1977, 65th Leg., ch. 7, at 21.  The legislature was presumably aware at the later date that the center and the university were statutorily designated as separate institutions of higher education.  In our opinion, there is no basis for supposing that section 54.062, which applies when "a student registers at more than one public institution of higher education at the same time," was not intended to apply to nursing students receiving instruction at both Texas Tech University Health Sciences Center and Texas Tech University.  Cf. Educ. Code §54.505 (student service fees on concurrent enrollment); Educ. Code §103.01 (Midwestern State University joint program).

The power accorded the Texas Tech University Board of Regents on behalf of the center by section 110.06 of the Education Code to "execute and carry out affiliation or coordinating agreements with any other entity or institution in the Lubbock area" does not include authority to override statutory law or frustrate the legislative will. When the legislature acts with respect to a particular matter, a subordinate administrative agency may not so act with respect to the matter as to nullify the legislature's action even though the matter be within the agency's general regulatory field. State v. Jackson, 376 S.W.2d 341 (Tex. 1964); Martinez v. Texas Employment Commission, 570 S.W.2d 28 (Tex. Civ. App. - Corpus Christi 1978, no writ). The Board of Regents of Texas Tech University is such a state agency. See Lowe v. Texas Tech University, 540 S.W.2d 297 (Tex. 1976).

The purpose of the suggested contract between the two institutions would be to circumvent the operation of section 54.062 of the Education Code, a course of action inconsistent with the authority and duty of the board of regents and the institutions for which it acts.  In our opinion, such an agreement would be an ineffectual nullity.  See State v. Ragland Clinic-Hospital, 159 S.W.2d 105 (Tex. 1942); Attorney General Opinion MW-38 (1979).  Accordingly, we advise that section 54.062 controls the maximum tuition rate to be charged students of nursing simultaneously pursuing courses at both Texas Tech University Health Sciences Center and Texas Tech University.  We are also of the opinion that no provision of the proposed agreement could entitle the university to credits for formula generation purposes.  Of course, the fact that such a void contract purported to entitle the university thereto would not in itself prevent the university from earning such credits if it were otherwise eligible to claim them.

## S U M M A R Y

Section 54.062 of the Education Code governs the maximum tuition rate for students of nursing simultaneously pursuing courses of study at both Texas Tech University Health Sciences Center and Texas Tech University.  A proposed agreement between the two institutions circumventing the statute would be a nullity.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
Bruce Youngblood