**TEXAS EMPLOYMENT COMMISSION and Carl B. Hall and I.C. Collins, Jr., Appellants,**

**v.**

**TEXACO INC., Appellee.**

**TEXAS EMPLOYMENT COMMISSION, Johnnie Moreno, Berdice N. Jones, Ed McGlaun and Morris O. Kea, Appellants,**

**v.**

**TEXACO INC., Appellee.**

**TEXAS EMPLOYMENT COMMISSION, and Felix R. Hebert, Appellants,**

**v.**

**TEXACO INC., Appellee.**

**Nos. 09–85–213–CV to 09–85–215–CV.**

Court of Appeals of Texas, Beaumont.

Oct. 2, 1986.

As Corrected Oct. 3, 1986.

Rehearing Denied Oct. 23, 1986.

Susan F. Eley, Asst. Atty. Gen., Austin, M. Diane Dwight, Provost, Umphrey, McPherson & Swearingen, Beaumont, for appellants.

Dewey J. Gonsoulin, Mehaffy, Weber, Keith & Gonsoulin, Interfirst Tower, Beaumont, Susannah B. Wilshire, Texaco Inc., Houston, for appellee.

## OPINION

DIES, Chief Justice.

Each of the above named individuals was awarded unemployment compensation by the Texas Employment Commission (T.E.C.) in the three numbered cases above shown. The trial judge entered a summary judgment in favor of Texaco Inc., in each case, reversing T.E.C.'s prior decision. It is from this order granting the summary judgment that each named Appellant and T.E.C. have perfected appeal to this court. All three cases were argued together, and each presents the same questions of law for this court to determine. Hence, we will deal with all three cases in this opinion.

Judicial review of a decision of the Texas Employment Commission is conducted under the substantial evidence trial de novo standard. *TEX.REV.CIV.STAT.ANN. art. 6252–13a, sec. 21(g)* (Vernon Supp.1986). *Texas Employment Commission v. Holberg,* 440 S.W.2d 38, 42 (Tex.1969); *Haas v. Texas Employment Comm'n,* 683 S.W.2d 462, 464 (Tex.App.—Dallas 1984, no writ). The substantial evidence rule is a "rule of law by which the courts have limited their power to review an administrative agency's orders and decisions...." *Maintenance Management, Inc. v. Texas Emp. Comm'n,* 557 S.W.2d 561, 563 (Tex.Civ. App.—San Antonio 1977, writ ref'd n.r.e.).

A court cannot substitute its discretion or judgment for that of the administrative agency. *Firemen's & Policemen's Civ. Serv. v. Brinkmeyer,* 662 S.W.2d 953, 956 (Tex.1984); *Texas Employment Commission v. Riddick,* 485 S.W.2d 849, 851–852 (Tex.Civ.App.—Texarkana 1972, no writ). The appellate court's sole function is to decide whether the decision of the Commission is reasonably supported by substantial evidence, that it is not arbitrary, capricious, or made without regard to the facts. *Texas Employment Commission v. Holberg, supra.*

In Texas, this is a case of first impression. All Appellants worked for Texaco Inc., for a long time. Each chose to exercise his right to retire under the Texaco Plan and to elect a lump sum pension.

All individual Appellants rolled over their lump sum distributions in a tax free account; therefore, none received an income from the lump sum pension during his eligibility for unemployment compensation.

At the hearing, the Commission concluded that none of the Appellants was receiving any form of periodic pay during the period of eligibility.

The portion of Art. 5221b–3 of the Act at issue is as follows:

"An individual shall be disqualified for benefits:

. . . . .

(h) For weeks of unemployment beginning after March 31, 1980, for any benefit period with respect to which the individual is receiving a governmental or other pension, retirement or retired pay, annuity, or any other similar periodic payment...."

It should be noted that this section of the statute is written by the *legislature in the present tense* and not the past, as the states' statutes cited by Appellee. We hold that since Appellants were receiving no

annuity during their period of eligibility, they were entitled to compensation under the Act.

For the reasons stated, we sustain the first point of error of Appellants, reverse the trial court's order, and hold that Appellants are entitled to benefits under the Act.

Reversed and Rendered.