Davis-Lynch v. TEC 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 03-90-170-CV





DAVIS-LYNCH, INC.,




 APPELLANT


vs.





TEXAS EMPLOYMENT COMMISSION AND CELEDONIO S. REYES,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 405,255, HONORABLE HUME COFER, JUDGE PRESIDING



 




 Davis-Lynch, Inc., appeals from a judgment affirming an
award of unemployment benefits to its former employee, Celedonio S.
Reyes, by the Texas Employment Commission (the Commission). Davis-Lynch contends the trial court erred because: (1) the Commission
erroneously concluded that the facts, as stipulated, constituted
good cause for Reyes to voluntarily terminate his employment;
(2) the Commission's conclusion on the good-cause issue contravenes
the policies underlying the Unemployment Compensation Act; and
(3) the district court improperly conducted a "substantial evidence
de novo" review. We will affirm the trial court's judgment.

BACKGROUND


 The Commission's claims examiner awarded Reyes benefits
on the basis of the following stipulated facts. Before quitting,
Reyes had been employed at Davis-Lynch on an at-will basis,
operating machinery and occasionally working on the assembly line.
Each week Reyes was paid at an hourly rate for the total hours he
had worked. Although not guaranteed a minimum number of hours'
work, Reyes usually worked forty hours each week. In May 1986,
Davis-Lynch unilaterally cut Reyes' weekly hours from forty to
thirty, effectively reducing his pay by more than 20%. Reyes
voluntarily terminated his employment, telling his supervisor that
he was going to take a job in California. Reyes did not request
additional work of other types before quitting, although he had
done so previously when his normal tasks had taken less than forty
hours to complete. 

 After leaving Davis-Lynch, Reyes applied to the Texas
Employment Commission for benefits under the Texas Unemployment
Compensation Act, Tex. Rev. Civ. Stat. Ann. art. 5221b-1, et seq.
(1987 & Supp. 1991) (the Act). The Act provides: "An individual
shall be disqualified for benefits: (a) If the Commission finds
that he has left his last work voluntarily without good cause
connected with his work." Act, art. 5221b-3(a) (Supp. 1991). The
Commission's claims examiner found that Reyes had good cause
connected with his work for voluntarily terminating his employment
and, consequently, awarded him benefits. Davis-Lynch appealed, and
both an appeals tribunal and, subsequently, the Commission affirmed
the award. Davis-Lynch then brought this suit in district court
for judicial review of the Commission's decision. Following a
hearing on both parties' motions for summary judgment, the trial
court denied Davis-Lynch's motion, granted appellees' motion, and
affirmed the Commission's decision. Davis-Lynch appeals the trial
court's judgment, asserting that the court should, instead, have
granted its motion for summary judgment.


CLAIMS PROCEDURE


 When an employer believes its former employee to be
disqualified from receiving benefits, the employer must supply the
Commission with any facts adversely affecting the former employee's
right to receive benefits. Act, art. 5221b-4(b) (Supp. 1991). A
Commission claims examiner decides whether the former employee is
disqualified and notifies the employee/claimant and former employer
of the decision. Id. An aggrieved party may appeal the examiner's
decision to a Commission appeals tribunal. Id. The appeals
tribunal affirms or modifies the examiner's decision, after which
an aggrieved party may appeal the tribunal's decision to the
Commission. Act, art. 5221b-4(e). The Commission, which has the
express power to compel production of additional evidence, then
modifies, affirms, or sets aside the tribunal's decision. Id. 

 A party dissatisfied with the Commission's decision may
bring suit to obtain judicial review of the decision in district
court. Act, art. 5221b-4(i) (Supp. 1991). Although the Act
provides that "[s]uch trial shall be de novo," this language has
been held to require employment of a substantial-evidence-de-novo
review. Texas Employment Comm'n v. Texaco, Inc., 719 S.W.2d 243,
244 (Tex. App. 1986), writ dism'd, 741 S.W.2d 927 (Tex. 1988); Haas
v. Texas Employment Comm'n, 683 S.W.2d 462, 464 (Tex. App. 1984, no
writ); Instant Photo, Inc. v. Texas Employment Comm'n, 650 S.W.2d
196, 198 (Tex. App. 1983, no writ). See also Tex. Rev. Civ. Stat.
Ann. art. 6252-13a § 21(g) (Supp. 1991). 


SCOPE OF JUDICIAL REVIEW


 At the heart of Davis-Lynch's complaint, in its fourth
and fifth points of error, is the contention that the presence or
absence of substantial evidence to support the Commission's
decision was not the proper standard for the trial court to use in
reviewing the Commission's decision. Davis-Lynch contends that the
substantial-evidence test is necessitated only by an appellant's
challenge to the Commission's findings of fact. Consequently, in
a case decided on stipulated facts, the district court should not
conduct a substantial-evidence review. Davis-Lynch argues,
therefore, that substantial-evidence review was inappropriate in
the present case because it had challenged only a legal conclusion.

 Several courts have considered the position urged by
Davis-Lynch and held to the contrary. For example, the identical
contention was rejected by the court in Nelson v. Texas Employment
Comm'n, 290 S.W.2d 708 (Tex. Civ. App. 1956, writ ref'd), where the
trial court's judgment recited that the decision of the Employment
Commission was reasonably supported by substantial evidence:


[A]ppellants complain that since they are not assailing
any fact finding of the Texas Employment Commission, the
substantial evidence rule has no application. . . . We
fail to see the materiality of the point, or how the
complained of recitation, whether proper or improper,
can, under this record, constitute error. It appears to
be established that actions to review decisions of the
Texas Employment Commission are governed by the
substantial evidence rule. [Citations omitted.] Since
in the present case all facts were stipulated, the sole
question presented is whether such undisputed facts
support the decision of the Commission, and the judgment
of the trial court.


290 S.W.2d at 710; see also Norris v. Texas Employment Comm'n, 688
S.W.2d 125, 128 (Tex. App. 1985, writ ref'd n.r.e.); Martinez v.
Texas Employment Comm'n, 570 S.W.2d 28, 30 (Tex. Civ. App. 1978, no
writ). In a substantial-evidence-de-novo review, the district
court determines whether the Commission acted arbitrarily,
capriciously, or without regard to the facts or the law in making
its decision. Haas, 683 S.W.2d at 464; Martinez, 570 S.W.2d at 30;
Circuitronics, Inc. v. Texas Employment Comm'n, 561 S.W.2d 555
(Tex. Civ. App. 1978, writ ref'd n.r.e.). See also Gerst v.
Guardian Savings & Loan Ass'n, 434 S.W.2d 113, 115 (Tex. 1968). We
conclude that the district court conducted the appropriate review,
and we overrule Davis-Lynch's fourth and fifth points of error.


GOOD CAUSE DETERMINATION


 In its first, second, and third points, Davis-Lynch
complains of the Commission's conclusion that the stipulated facts
constitute good cause for Reyes to have voluntarily terminated his
employment. Davis-Lynch asserts, first, that the good cause issue
is one of law, susceptible of independent determination by the
district court and, second, that the Commission's conclusion that
these facts constitute good cause goes against the policy
underlying the Act.

 As we have concluded above, the district court properly
used a substantial-evidence review in considering Davis-Lynch's
challenge to the Commission's good-cause determination. In such a
review, a court may not substitute its judgment for that of the
Commission, even if it would have reached a different conclusion
than the one the Commission reached. See Texas Employment Comm'n
v. Holberg, 440 S.W.2d 38, 42 (Tex. 1969); City of San Antonio v.
Texas Water Comm'n, 407 S.W.2d 752, 756 (Tex. 1966); DeLeon v.
Texas Employment Comm'n, 529 S.W.2d 268, 270 (Tex. Civ. App. 1975,
writ ref'd n.r.e.). Only a showing that the Commission's decision
was arbitrary, capricious, or made without reference to the law or
the facts would compel us to reverse the judgment below and remand
the cause to the Commission. 

 One purpose of the Act is to alleviate the economic
plight of workers who have become unemployed through no fault of
their own. Martinez, 570 S.W.2d at 32. The legislature attempted
to accomplish this goal by statutorily disqualifying workers who
voluntarily leave their jobs from receiving benefits unless they
had "good cause" for doing so that was connected with the work. 
Act, art. 5221b-3(a) (Supp. 1991). Consequently, the Commission's
finding that a particular claimant had good cause to voluntarily
terminate his employment necessarily implies that the claimant
became unemployed through no fault of his own. Davis-Lynch's
complaint, therefore, is apparently an assertion that, as a matter
of law, the Commission could not have found good cause under these
facts. We conclude that the Commission's decision in this regard
was not arbitrary, capricious, or made without regard to the law or
the facts.

 Davis-Lynch attempts to show error in the Commission's
decision by claiming that it failed to consider all the relevant
factors in determining that Reyes had good cause to quit,
specifically, that Reyes had not requested additional work, that he
had been guaranteed no specific number of hours, and that he was
not designated to be laid off. We disagree. Indeed, the
Commission's written decision expressly considers all of these
factors. We find no error in this respect. 

 Davis-Lynch next argues that we should lay down a rule
that only facts amounting to "constructive firing" will constitute
good cause in future cases. In other words, Davis-Lynch would have
us restrict the Commission to finding good cause only in those
situations clearly demonstrating the employer's desire to force the
employee into surrendering his employment voluntarily. We decline
to express a view on this theory, as it is unnecessary to the
resolution of this case. 

 The parties agree that the term "good cause," as used in
section 3(a) of the Act is a cause, "related to the work, as would
cause a person who is genuinely interested in retaining work to
nevertheless leave the job." The Commission concluded that good
cause existed for Reyes to terminate his employment based on the
following facts: Davis-Lynch unilaterally reduced the hours of all
its employees by 25% per week. This reduction in hours translated
into a weekly pay decrease for Reyes of more than 20%. In
addition, the hours/pay cut came during a time when rumors of an
impending layoff were circulating. Reyes quit without seeking
additional hours of work.

 Davis-Lynch makes much of Reyes' failure to ask for
additional hours of work. We are not persuaded that this fact
alone renders the Commission's good-cause determination arbitrary
or capricious. The reduction in hours applied to all the workers;
the Commission could reasonably have concluded that additional work
would not have been available if Reyes had asked for it. We
conclude that the Commission's good-cause determination was not
made without regard to these facts and was not arbitrary or
capricious. 

 Davis-Lynch contends, as a final matter, that the summary
judgment should be reversed and judgment rendered in its favor on
the basis that, regardless of whether the good-cause determination
was appropriately made, Reyes voluntarily terminated his employment
for a reason not connected with the work. We disagree. Although
Reyes told his foreman that he was leaving to take a job in
California, the record is devoid of evidence that Reyes actually
became employed there or anywhere else after leaving Davis-Lynch. 
In addition, our review of the record shows the Commission
reasonably could have concluded that Reyes was genuinely interested
in retaining work, notwithstanding his failure to ask for
additional work. We overrule Davis-Lynch's first, second, and
third points of error. 

 We affirm the trial court's judgment.



 

 J. Woodfin Jones, Justice

[Before Chief Justice Carroll, Justices Jones and B. A. Smith]

Affirmed

Filed: July 3, 1991

[Do Not Publish]